In the Matter of Proving the Last Will and Testament of LEOPOLD GALLY, Deceased. ALVINE E. GALLY, Sometimes Designated in These Proceedings as ALVINE E. KROUPA, Appellant; FREDERICK W. RITTER, as Executor, etc., of LEOPOLD GALLY, Deceased, FRANK J. GALLY, RUDOLPH E. GALLY, BARBARA R. HUEFFNER and EDWARD P. F. HUEFFNER, Respondents.— Decree of the Surro-

gate's Court, Queens county, entered April 12, 1937, reversed on the law and the facts and a new trial granted, with costs to appellant, payable out of the estate. There were errors of law in striking out and in excluding competent evidence. The surrogate disqualified himself from hearing the controversy, which involved the establishment of a marriage in fact between petitioner and the testator, and became what was regarded as an important witness for the respondents. A new trial should be had in an atmosphere different from that of the Surrogate's Court, under the provisions of section 68 of the Surrogate's Court Act, and preferably in the Supreme Court before a jury, unless a jury be waived by the parties. The weight of the evidence on the primary question as to whether a marriage between the two parties was established by consent, through the declarations of the parties and circumstantial evidence, conduct, habit and repute, was that such marriage existed. This was not necessarily overborne by negative proof that the testator in his business associations claimed to be unmarried or a widower, nor by his hearsay declarations repudiating the marriage during his last illness when obviously his mental faculties were somewhat impaired. Neither is the marriage disproved by the fact that in her business life and employment the appellant used her maiden name and at times registered herself as single. These facts are, of course, to be taken into consideration as bearing upon the primary fact; but are not conclusive. Hagarty, Carswell, Davis, Johnston and Taylor, JJ., concur.