John D. Bennett, S.
The contestant’s status having been put in issue in this probate proceeding, a preliminary hearing was held concerning his status as an alleged son of the decedent. The issues presented are whether a common-law marriage existed between the decedent and one Ola Bell Hall, sometimes known as Ola Bell Gibson, and whether contestant is the issue of that alleged marriage.
In or about the year 1929, the decedent, then in his late teens, and one Ola Bell Hall, left their respective homes in Ocilla, Georgia, and together took up residence in an apartment in Tifton, Georgia, some 20 miles removed from their families.
The decedent’s brother, a sister of the deceased, Ola Bell Hall, and a long-time friend of the decedent, testified in succession that the decedent referred to Ola Bell Hall as “ his wife ” and called her “ Mrs. Gibson ”, and that after the birth of their son, the contestant, they resided together as a family unit for several years in the State of Georgia. Sometime in 1934 or 1935 the decedent left Georgia in search of work, with the intention of later sending for his family. He stopped first in Jacksonville, Florida, and eventually settled in Great Neck, New York, where he remained until his death.
In 1936, Ola Bell Hall died, as evidenced by a death certificate issued out of the State of Georgia. The infant child of the union remained in Georgia, and regularly visited his paternal grandmother. During this period he was nicknamed, or referred to as “ Hoody ” Gibson. Sometime about the contestant’s 17th birthday, he ventured North to be with the decedent,
Whether a common-law marriage has resulted from acts in another State must be determined according to the laws of that State (Cruickshank v. Cruickshank, 193 Misc. 366; 2 Beale, Conflict of Laws, § 123.1). It has uniformly been held for almost a century that common-law marriages are valid in the State of *23 Georgia (Lefkoff v. Sicro, 189 Ga. 554). By the laws of that State, a mutual agreement to be husband and wife by parties able to contract, and followed by cohabitation, is recognized as a valid marriage (Stewart v. Price, 89 Ga. App. 662; Askew v. Dupree, 30 Ga. 173). Proof of an express agreement to enter into the relationship of man and wife is not necessary, it being sufficient if from the circumstantial evidence such a conclusion may be inferred (Chance v. Chance, 60 Ga. App. 889).
In the last cited case, the court said (p. 890): “ Marriage may be inferred from proof of cohabitation, and that the parties held themselves out to the world as husband and wife, and such proof may be made by general repute among neighbors and others in a position to know the facts. In 1 Andrews’ Am. L. (2d ed.), § 486, it is said: 6 Where the only proof in the case is of continuous cohabitation, the presumption is that it was lawful. Where to this proof is added some affirmative proof of holding themselves out as man and wife, it adds so much to the force of the presumption, and length of time strengthens the probative force of the presumption. This presumption of marriage from connubial habit is one of the strongest known to the law, and is to be repelled only by clear evidence. Evidence of repute, that is, the reputation of the parties among their acquaintances as to whether they are man and wife, is always admissible, and such proof strengthens the force of the presumption from connubial habit. ’ ” (Drawdy v. Hesters, 130 Ga. 161, 168.)
Unquestionably the contestant has made out a prima facie case under the laws of Georgia. The sole question remaining is whether any evidence submitted by the proponent rebuts the prima facie case which the contestant has established. The documentary evidence submitted by the proponent consists of a birth certificate of the contestant, in which he is referred to as “ Willie Hall ” and his mother as “ Oza Belle Hall ”. A death certificate of the contestant’s mother refers to her as “ Ola Bell Hall”. From this, proponent would infer that the contestant’s mother did not hold herself out to be the wife of the decedent. Although no case has been discovered which is relevant in the State of Georgia, in New York it has been held that the use of a maiden name by a woman allegedly married, while admissible, is entitled to little weight (Matter of Cally, 253 App. Div. 905; Matter of Maloy, 272 App. Div. 1084, affd. 297 N. Y. 902; Matter of Apostol, 53 N. Y. S. 2d 661). The declarations allegedly ascribed to the decedent that the contestant was not his son are not determinative of the issues herein. Such declarations could not alter the conclusion of a common-law marriage between the decedent and one Ola Bell Hall, also known as Gibson, which the court has *24 found to be a fact (Matter of Apostol, supra, p. 664). In any event, there is direct testimony that the decedent acknowledged the contestant to be his son, both at the time he was born and after contestant’s 17th birthday, when he came North.
The attempt to prove, by means of the decedent’s death certificate, that he may not have been capable of marriage because of nonage under the laws of Georgia in or about the year 1929 is ineffectual, since it has been consistently held in this State that a death certificate, and not the additional facts recited therein, is proof of the fact of death (Richardson, Evidence [8th ed.], § 366). Moreover, the decedent’s brother and long-time friend both testified to his birth occurring in or about the year 1910.
The court holds that the contestant has established his status as a legitimate son of the decedent, and accordingly is entitled to object to the probate of the instrument offered for probate. Settle order on five days’ notice, with three additional days if service is made by mail.