27788. CHANCE *et al. v.* CHANCE *et al.*

DECIDED OCTOBER 21, 1939. REHEARING DENIED NOVEMBER 4, 1939.

*G. C. Anderson,* for plaintiffs in error. *Lewis & Lewis,* contra.

SUTTON, J. Mrs. Ola Chance made application to the court of ordinary of Burke County for a year's support out of the estate of M. W. Chance, deceased; and the appraisers made their return, setting apart to her a year's support. Brooks Chance, Mrs. Susie Greiner, and Mrs. Ellis Oliver, as creditors of said estate, filed a caveat to the application and the return of the appraisers, in which they contended that the applicant was not the widow of M. W. Chance; and that if she was his widow she was not entitled to the

890

year's support, in preference to caveators as creditors, as she had already had one year's support by living on the land and consuming the provisions of said estate. The return was not objected to by the administrator of the estate. The case was appealed by consent from the court of ordinary to the superior court; and upon the trial there the caveators admitted a prima facie case and assumed the burden of proof. The jury returned a verdict for the applicant, and the exception is to the overruling of the caveators' motion for new trial.

■ The applicant contended that she was the common-law wife of M. W. Chance at the time of his death, and had been for many years previously, and that she was entitled to a year's support out of his estate. This was denied by the caveators. "By the common law and the law of this State, a mutual agreement to be husband and wife, by parties able to contract, followed by cohabitation, is recognized as a valid marriage." *Dale* v. *State*, 88 *Ga.* 552, 556 (15 S. E. 287). "At common law, marriage between persons competent to enter into the relation may be contracted by an agreement between the man and woman to become husband and wife, and in pursuance of such an agreement entering into a state of cohabitation. 1 Andrews' Am. L. (2d ed.), § 482; 1 Bish. Mar., Div. & Sep., § 320; *Askew* v. *Dupree*, 30 *Ga.* 173. Marriage may be inferred from proof of cohabitation and that the parties held themselves out to the world as husband and wife, and such proof may be made by general repute among neighbors and others in a position to know the facts. In 1 Andrews' Am. L. (2d ed.), § 486, it is said: 'Where the only proof in the case is of continuous cohabitation, the presumption is that it was lawful. Where to this proof is added some affirmative proof of holding themselves out as man and wife, it adds so much to the force of the presumption, and length of time strengthens the probative force of the presumption. This presumption of marriage from connubial habit is one of the strongest known to the law, and is to be repelled only by clear evidence. Evidence of repute, that is, the reputation of the parties among their acquaintances as to whether they are man and wife, is always admissible, and such proof strengthens the force of the presumption from connubial habit.'" *Drawdy* v. *Hesters*, 130 *Ga.* 161, 168 (60 S. E. 451, 15 L. R. A. (N. S.) 190).

The evidence was conflicting. But there was evidence to the

effect that the applicant commenced going with M. W. Chance in 1902; that he was the father of her child, Jack Chance, who was born in 1906; that M. W. Chance married Julia Odum in 1903, but did not live with her at all, and obtained a divorce from her in 1907 in order that he might continue to be with Ola; that he provided a house and support for Ola from 1902, and lived with her except when he was away in Savannah for a portion of the years 1911, 1912, and 1913; that they lived together in 1914 in a house on his grandmother's place, and from 1915 to 1919 they lived together in the house with his mother; that in 1919 he bought the Crozier place, and he and Ola moved there at that time and lived together there as husband and wife until the time of his death in 1935; that they had an agreement to live together as husband and wife, and he said that if any one bothered them he would have things fixed like they ought to be; but no one bothered them. There was evidence by their neighbors and acquaintances to the effect that these parties lived together continuously for some fifteen to twenty years before the death of M. W. Chance, that they held themselves out as husband and wife, and that it was the general repute in the community where they lived that they were living together as husband and wife. The plaintiffs in error contend that this evidence shows that the cohabitation by these parties was not as husband and wife, but that it was a meretricious transaction and was illegal. As above stated, the evidence was conflicting, but there was sufficient evidence to authorize the jury to find that a common-law marriage existed between these parties and that Ola Chance was the common-law wife of M. W. Chance at the time of his death.

■ Grounds 1 and 2 of the amendment to the motion for new trial complain that the court erred in admitting in evidence, over objections, the record of the divorce proceeding of M. W. Chance against Julia Chance, filed in Burke superior court in the year 1907; and these will be considered together. The petition was objected to on the ground that it showed on its face that the superior court of Burke County did not have jurisdiction of the case, as the acknowledgment of service by Julia Chance was executed in Jenkins County, it being contended by the caveators that this showed that she was a resident of Jenkins County. The petition alleged that M. W. Chance had been a bona fide resident of the

State of Georgia for twelve months before the filing of the petition; but other than this there was no allegation as to the residence of the plaintiff or the defendant. The fact that the acknowledgment of service was signed in Jenkins County did not affirmatively show that she resided in that county at the time. She may have been there only temporarily. Neither did the failure to allege in the petition the residence of the defendant negative the fact that she was a resident of Burke County, or that she may have been a non-resident of the State of Georgia. It will be presumed that a judgment rendered in a court of general jurisdiction was supported by every fact essential to make it valid and binding. The superior court of Burke County is a court of general jurisdiction; and two verdicts at two separate terms of that court and a decree were rendered therein in the divorce proceeding. The objection to the admission in evidence of the record in the divorce proceeding was an effort to attack it collaterally. "For the purposes of this case, these [the incidents and presumptions to be accorded judgments of courts of general jurisdiction] are, that it [the judgment] can not be set aside in a collateral proceeding; and though the existence of any jurisdictional fact may not be affirmed upon the record, it will be presumed upon a collateral attack that the court acted correctly, with due authority, and its judgment will be as valid as though every fact necessary to jurisdiction affirmatively appeared. 1 Freeman on Judgments, 124, and note 2. To set aside a judgment rendered by a court having jurisdiction to adjudicate a question, a direct proceeding must be had. *Kelsey* v. *Wiley, Parish & Co.,* 10 *Ga.* 371; *Jessup* v. *Gragg,* 12 *Ga.* 261; *Wiley, Parish & Co.* v. *Kelsey,* 13 *Ga.* 223, 229; *Foster* v. *Reid,* 57 *Ga.* 609; *Dunn* v. *Brogden,* 68 *Ga.* 63. The order being passed by a court of competent jurisdiction, and acting within the sphere of its authority, its proceedings can not be attacked and set aside in an indirect manner. *Stell* v. *Glass,* 1 *Kelly* 486." *Dunagan* v. *Stadler,* 101 *Ga.* 474, 479 (29 S. E. 440). See *Jones* v. *Smith,* 120 *Ga.* 642 (48 S. E. 134); *Wash* v. *Dickson,* 147 *Ga.* 540 (94 S. E. 1009).

The caveators objected to the decree on the ground that it did not follow the verdict and undertook to add to it. The two verdicts were in the usual form, and found in favor of a total divorce for the plaintiff, M. W. Chance; but the final verdict did not specifically fix the rights and liabilities of the parties. The decree

stipulated that M. W. Chance was relieved from the disabilities of the marriage with Julia Odum, and was at liberty to marry again as though no marriage had ever existed between them. The Code, § 30-119, declares that a total divorce annuls the marriage from the time of its rendition. The final verdict in favor of a total divorce for the plaintiff admits of no construction but that the jury intended that the marriage should be dissolved; and this undoubtedly secured to the plaintiff the right to marry again, although the verdict was silent as to whether or not the defendant had that right. *Burns* v. *Lewis,* 86 *Ga.* 591 (2), 595 (13 S. E. 123); *City of Atlanta* v. *Anderson,* 90 *Ga.* 481, 483 (16 S. E. 209). The decree in effect followed the final verdict, and gave to the plaintiff no greater right than was secured to him by the verdict; that is, he was released from the disabilities imposed by the marriage contract, with the right to marry again, and, as above stated, the final verdict gave him this right. The court did not err in admitting in evidence the record' of the divorce proceeding, over the objections of the caveators. On a motion to exclude this evidence after its admission, on the ground that the proceedings (the petition, the verdict, and the decree) showed on their face that the superior court of Burke County was without jurisdiction to try the case, it was not error for the court to state, in the presence of the jury "Well, that petition, verdict, and decree might be attacked in some way, but not in the way you are trying it here. I will overrule the motion. That is a good verdict. That is a good decree until it is set aside by the courts in a proper proceeding." The court did not err in overruling the motion to exclude this evidence, for the reason stated above in this opinion in holding that the court did not err in admitting the same in evidence.

■ Ground 3, criticising a portion of the charge of the court as to the contentions of the applicant that she had not had a year's support out of the estate, is without merit.

■ It was not error, as contended in ground 4, for the court in its charge to tell the jury that they were to say from all the circumstances whether or not Ola was the common-law wife of M. W. Chance at the time of his death. And especially is this true where the court had immediately before instructed the jury that they must look to the evidence, under the charge of the court, and

determine whether she was the common-law wife of M. W. Chance at the time of his death. The jury had the right to consider all the evidence and circumstances in the case, in undertaking to solve the issue as to the common-law marriage between the parties.

■ Under the law the return of the appraisers was prima facie correct. *Smith* v. *Smith,* 115 *Ga.* 692 (2) (42 S. E. 72); *Wardlaw* v. *Wardlaw,* 41 *Ga. App.* 538 (3) (154 S. E. 159). Furthermore, the caveators admitted a prima facie case and assumed the burden. The values fixed by the appraisers were not controverted by the evidence. Therefore the court did not err in charging the jury, as contended in ground 5: "The appraisers in the court of ordinary have itemized his estate. That you will have out before you, and the net amount of that is valued at $756.42. Here are the items before you, and in the event you find that she is entitled to a year's support you may find, if you so desire, the same items as fixed by the appraisers in the ordinary's court."

■ It is complained in ground 6 that the court erred in charging the jury that if they found in favor of a year's support, and that the value of the estate was $500 or under, they could set aside the entire estate to her as a year's support. Under the law and the evidence, this charge was not harmful error to the caveators.

■ Considering the charge as a whole, it fully and fairly submitted to the jury all of the issues raised in the case. It is sufficent to say that grounds 7 and 8 are without merit. The court did not err in overruling the motion for new trial.

*Judgment affirmed. Stephens, P. J., and Felton, J., concur.*