RICHARDS *v.* RICHARDS *et al.*

DUCKWORTH, Presiding Justice. 1. "An order which may be properly granted by a judge of the superior court at chambers may be granted by him while presiding in any county in his circuit." *Mize* v. *Harber,* 189 *Ga.* 737 (6) (8 S. E. 2d, 1).

2. Under article 6, section 4, paragraph 8 of the Constitution (Code, Ann. Supp., § 2-3908), "The judges of said courts [the superior courts] may, on reasonable notice to the parties, at any time, in vacation, at chambers, hear and determine, by interlocutory or final judgment, any matter or issue, where a jury verdict is not required, or may be waived."

(a) In such a case the judge sits as a court of general jurisdiction, where previously to such authority, first granted by an amendment to the

Constitution of 1877, proposed and ratified in 1939 (Ga. L. 1939, pp. 78, 79), his authority or jurisdiction may have been limited or conditional, and any judgment now authorized by the present Constitution is. attended with a presumption of regularity. See *Southeastern Pipe-Line Co.* v. *Garrett,* 192 *Ga.* 817, 824 (16 S. E. 2d, 753).

3. Where a petition was filed in the Superior Court of Warren County, Georgia, seeking a declaratory judgment construing an item of a will devising and bequeathing property, which included described land lying in that county, the judge of the superior court was, under the authorities above stated, authorized, on reasonable notice to the parties, to hear and determine the matters at chambers, since a jury verdict was not required, and, accordingly, authorized to provide by an order in McDuffie County, which was in his circuit, for a hearing before him in his chambers in that county, and thereafter to render a final judgment in that county declaring the rights of the parties claiming under the will. Hence, the judgment excepted to, construing the will as prayed, was not void as being in violation of the Constitution and the, provisions of the statute (Code, § 3-203), providing that a case involving title to land should be tried in the county in which the land lies.

4. Under a proper construction of the item of the will reading, "I will and bequeath to my husband, T. J. Rabun, all of my entire estate including all personal property and real estate, in fact, everything that I own at my death, during his natural life and at his death to go to Mrs. Ruby W. Richards bodily heirs," the title to the property vested, upon the death of the life tenant, in the bodily heirs of Mrs. Ruby W. Richards, who, the petition alleges, were the nine petitioners and the defendant, Mrs. Agnes Monroe Phillips Gilmer. *Guess* v. *Morgan,* 196 *Ga.* 265 (26 S. E. 2d, 424). Nothing to the contrary appearing in the record, it will be presumed in aid of the judgment that the judge had before him evidence showing probate of the will with provisions as alleged, and the judge did not err in rendering judgment declaring that "the title to the ninety-eight (98) acres of land described in said petition vested absolutely in the ten children of Mrs. Ruby W. Richards upon the death of the life tenant, T. J. Rabun, each owning a one ten (1/10) undivided interest therein, to which each is now entitled as a vested remainderman."

*Judgment affirmed. All the Justices concur, except Wyatt, J., who took no part in the consideration or decision of this case.*

No. 16121. MARCH 19, 1948.

*Cody U. Watson,* for plaintiff in error.
*Randall Evans Jr.,* contra.