## NAYLOR v. ISTHMIAN S. S. CO.

United States District Court
S. D. New York.
April 6, 1950.

Benjamin B. Sterling, New York City, for plaintiff Opal L. Naylor.

Kirlin Campbell Hickox & Keating, New York City, for defendant Isthmian S.S. Co.

McGOHEY, District Judge.

This is a seaman's death action under the Jones Act, 46 U.S.C.A. § 688, in which plaintiff moves, pursuant to Rule 34, Federal Rules of Civil Procedure, 28 U.S.C.A., for an order to compel production of certain documents. Of the eight items demanded, defendant objects to producing only the third: "All statements taken from any of the members of the crew concerning the accident up to the time suit was instituted by the plaintiff." Defendant asserts that no good cause is shown as required by the rule.

The affidavit of plaintiff's counsel attached to the notice of motion, in so far as it purports to make any showing of good cause, states only the following:

"The instant case has been assigned Calendar Number 3321 and in order to properly prepare for trial the aforementioned papers and documents have been requested to be produced by the defendant for inspection and copying.

"Your deponent expects to prove that the vessel was unseaworthy and negligently navigated."

Permission was granted plaintiff's attorney to submit additional arguments by letter and one, dated March 14, 1950, has been received and, though unsigned, has been considered. In it I find this statement: "The plaintiff's attorney does not even know the number of persons from whom statements have been taken." This is suprising in view of defendant's answers, filed December 12, 1949, to plaintiff's interrogatories. The second answer gives the names of six persons who made written statements, and their addresses appear in crew list which was furnished as part of the answers. There is no showing that any attempt has been made by plaintiff's attorney to interview and get statements from these members of the crew, except a not very enlightening comment on argument, that only a few of the crew had responded to letters.

One further quotation from the unsigned letter will suffice: "Unfortunately, the plaintiff is unable to maintain a large staff of investigators." This bit of information is undoubtedly true. Indeed, one would suppose that the lack of such staff is one of the reasons that impelled the plaintiff to retain counsel. If it is offered to explain to the court what attempts counsel, as distinguished from the plaintiff herself, has made to secure statements from the six persons whose names he has had since the twelfth of last December, it fails completely to do so. Accordingly, if the court were to look only to this letter and the affidavit for a showing of good cause, this motion would have to be denied.

However, the financial distress of the plaintiff, who is the widow of the deceased seaman, was deemed by Judge Knox sufficient to warrant preference in this case and he has put it down for trial on June 5 next. From what has been said above, the court fears that if the discovery is not granted the widow may either have to proceed to trial ill-prepared or lose her preference. This hard choice, it seems to the court, constitutes sufficient cause within the rule and the motion is therefore granted. Submit order.