## BIFFERATO v. STATES MARINE CORP. OF DELAWARE.

United States District Court
S. D. New York.

Jan. 26, 1951.

Supplemental Opinion Feb. 15, 1951.

Robert Feingold, Brooklyn, N. Y., for plaintiff.

Corydon B. Dunham, New York City, for defendant.

WEINFELD, District Judge.

In this action under the Jones Act, 46 U.S.C.A. § 688, plaintiff moves pursuant to Rule 34 of the Rules of Civil Procedure, 28 U.S.C.A. for discovery and inspection. The items sought fall into three categories:

(A) Rough logs; smooth logs; shipping articles; and medical logs;

(B) Technical reports with respect to the maintenance and operation and state of repair of the lifeboat, at which plaintiff met with his injuries; and

(C) Statements of the Master of the vessel and other crew members.

In effect the defendant objects to the granting of the motion as to all the items enumerated above except the smooth log "if it can be found." Each of the classifications is considered separately.

█ Plaintiff clearly is entitled to an inspection of the smooth and rough logs. Mulligan v. Eastern S. S. Lines, D.C., 6 F.R.D. 601; Kenealy v. Texas Co., D.C., 29 F.Supp. 502. No satisfactory explanation has been offered as to why the smooth logs cannot be found. As to the rough logs, the defendant contends that they are required to be kept aboard the vessel now en route to the Far East. The order to be entered herein will contain a provision that as soon as the ship returns from its present voyage, plaintiff's counsel shall be notified in sufficient time to afford him an opportunity to inspect the same. Since the defendant is the owner of the vessel on which plaintiff was injured, copies of the shipping articles are undoubtedly in its possession and kept in the regular course of the conduct of its business, and it will entail no inconvenience to make them available to the plaintiff, instead of compelling him to apply to the Shipping Commissioner.

█ Insofar as the request for the medical logs is concerned, defendant's counsel states that "officially there is no such thing as a medical log" and there is no requirement that a ship keep a medical log. Judge Caffey in Mulligan v. Eastern S. S. Lines, supra, specifically referred to and directed the production of the medical log. In any event, by whatever name such records or statements or reports may be known, the defendant is required to produce pursuant to the rules all such data relating to the injuries, care and treatment of the plaintiff by reason of the occurrence in question.

█ Likewise, with respect to the technical reports referred to under Item (B), the affiant states he has been advised that "there are no such reports in existence; at least the defendant has been unable to find any." No affidavit has been submitted by any officer or representative establishing

their non-existence or is any explanation offered to account for their absence. Again, by whatever name called, the reports, statements or records relating to the maintenance, operation or repair of lifeboat No. 1, davit switch, davit motor and davit brake in the possession of the defendant or its counsel or under its control are to be produced for inspection. Mulligan v. Eastern S. S. Lines, supra.

There remains for consideration the motion for the production of all written statements made by the Master and members of the vessel and any other witnesses and of the plaintiff made to the defendant or anyone on its behalf. The request is limited to statements made prior to the commencement of the action. In resisting plaintiff's application, the defendant seeks to bring the case within the concept of the "work product of the lawyer" enunciated in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451. Its opposing affidavit alleges that the "statements are now in the possession and under the control of *the* attorney for the defendant" and "* * * were taken by *an* attorney for the defendant in preparation for the defense of plaintiff's claim." Hence, it is urged that the defendant's attorney cannot be ordered to produce them and collaterally that Rules 33 and 34 of the Rules of Civil Procedure, 28 U.S.C.A., are limited to parties.

▇▇▇▇ The latter part of the contention is readily disposed of. The motion is directed to the defendant or its attorney. Rule 34 specifically permits discovery and inspection of matter which is in the "possession, custody, or control" of a party. Possession by an attorney or a third party of the document or matter required to be produced cannot be used as a means of avoiding compliance with a direction for its production. The true test is control and not possession. Bough v. Lee, D.C., 29 F.Supp. 498; In re Harris, D.C., 27 F.Supp. 480. A contention similar to that now urged was answered by the Supreme Court in Hickman v. Taylor, supra, 329 U.S. at page 504, 67 S.Ct. at page 390, "A party clearly cannot refuse to answer interrogatories on the ground that the in-

formation sought is solely within the knowledge of his attorney." See discussion, Moore's Federal Practice, Vol. 4, pp. 1146–47 (2nd Ed. 1950).

This leaves for consideration the major contention of the defendant. While the work product theory would not necessarily be dispositive of the issue, it would be well at the outset to pass upon the claim so made and based on the fact that the statements were taken by an attorney for the defendant in the preparation of the defense. It is noted that there is no claim that *the* attorney for the defendant or one acting immediately under him obtained the statements. The name of the attorney who did take the statements, the date when they were taken, his relationship to the defendant at the time, whether a member of its claim department or regular staff or an attorney acting on behalf of the defendant by reason of an indemnity agreement and other pertinent information to establish his true relationship to the defendant are lacking.

▇▇▇▇ The ruling by the Supreme Court in Hickman v. Taylor, supra, was not predicated upon a recognition of absolute privilege. Statements of prospective witnesses obtained by a lawyer are only protected against disclosure if the adverse party cannot show good cause for their production. The rationale underlying the decision is the public policy of preserving freedom of action by a lawyer in the proper protection and representation of his client's interest, free from intrusion by opposing parties. It rests upon a recognition of the lawyer's role as an officer of the Court and his part in the administration of justice. This Court believes it was intended to apply only when he acts in his true professional capacity.

▇▇▇▇ It is a fair inference that the procurement of the statements from crew members was not the result of any basic professional relationship between the lawyer who obtained them and the defendant, or that it required the training, skill and knowledge of a lawyer or the essential integrity implicit in the lawyer-client relationship. The services were those normally rendered by an investigator or claim

agent in matters of this type and who occupy no professional relationship to the persons they represent. The standard of duty in such cases is based on employer-employee relationship and not that of lawyer-client. Newell v. Capital Transit Co., D.C., 7 F.R.D. 732; Thomas v. Pennsylvania Railroad Co., D.C., 7 F.R.D. 610; Revheim v. Merritt-Chapman & Scott, Corp., D.C., 2 F.R.D. 361. The statements are those which a defendant in the usual and regular course of normal business procedure obtains where he knows a claim is likely to follow an accident in which he is involved.

Even assuming that the statements in question are the work product of the lawyer, concededly they are not beyond inspection upon a proper showing. However, the fact that they do not come within that theory does not as a matter of right entitle the plaintiff to discovery and inspection. Rule 34 specifically provides and the cases hold that "good cause" must be shown. Hickman v. Taylor, supra; United States v. 5 Cases, More or Less, Containing Figlia Mia Brand, 2 Cir., 179 F.2d 519, and Alltmont v. United States, 3 Cir., 177 F.2d 971. Hence, there still remains the question whether plaintiff has made a showing of necessity to entitle him to the granting of the relief.

Plaintiff sustained his injuries on September 23rd, 1949, and as a result was confined to the Marine Hospital at Mobile, Alabama, until July 7th, 1950, a period of nine months, during the course of which three operations were performed upon him. Although dates have not been furnished, it is contended that the statements of the crew members were gathered during the period of plaintiff's hospitalization.

It is undoubtedly true that during that time a number of his fellow-employees could well have been examined on behalf of plaintiff had his counsel proceeded diligently, it appearing that the action was commenced on November 4th, 1949. But he failed to do so and now plaintiff seeks from the defendant the versions of the occurrence as related by the witnesses. While due diligence is an important factor, this is not the sole criterion or does its absence necessarily compel denial of the motion because "it is 'unfair' that a lawyer who has diligently prepared his case should be obliged to let counsel for the adversary scrutinize his data." The full answer to the plea of plaintiff's non-diligence and his reward at the expense of the more enterprising is "that 'unfairness' to a diligent lawyer is of no importance as against much-needed improvement in judicial ascertainment of the 'facts' of cases; the public interest in such ascertainment is paramount. * * * At any rate, the old 'fixed principle' of keeping the opponent in the dark as to the tenor of the evidence in one's possession is now out of date." Hoffman v. Palmer, 2 Cir., 129 F.2d 976, 997. The ultimate test is necessity for the production of the material, or will a denial of production prejudice the preparation of petitioner's case or cause him hardship or injustice? Hickman v. Taylor, supra, 329 U.S. at page 509, 67 S.Ct. 385. Each action must supply its own answer.

In the instant case it appears that plaintiff was rendered unconscious as a result of the accident. As already noted, he was hospitalized for a period of nine months. A preference has been granted on the basis of his impoverished condition and the severity of the injuries and the case is set for trial at the head of the calendar for February 5th, 1951. It is not denied that the witnesses whose statements are sought are crew members, some of whom are presently at sea and will be unavailable for the taking of their depositions during the short period remaining before the trial date—a matter of ten days. To deny the motion under the circumstances, while it would avoid rewarding the non-diligence of an attorney, would at the same time penalize the plaintiff and could well result in hardship or injustice to him. A denial would mean that plaintiff "may either have to proceed to trial ill-prepared or lose her (his) preference. This hard choice, it seems to the court, constitutes sufficient cause within the rule * * *." Naylor v. Isthmian S. S. Co., D.C., 10 F.R.D. 128, 129. This ruling is not to be assumed as an indication that in every in-

stance where there has been a lack of diligent action in obtaining testimony of available witnesses and the case is about to be reached for trial, it will necessarily be considered good cause.

### Supplemental Opinion

 Plaintiff also asks for the production of a copy of his own statement made to the defendant's representative. There is no showing that such statement, if any, was not voluntarily and fully given or that plaintiff was not in full possession of his faculties. It is not to be assumed that his recollection of the facts is different from any version set forth in the statement. In any event, good cause has not been shown so as to require the production of the statement. Lester v. Isbrandtsen Co., D.C., 10 F.R.D. 338; Safeway Stores, Inc., v. Reynolds, 85 U.S.App.D.C. 194, 176 F.2d 476.

Settle order on notice.