**SZYMANSKI et al. v. NEW YORK, N. H. & H. R. CO.**

United States District Court
S. D. New York.

Dec. 23, 1952.

Irving C. Rosenkrantz, New York City, for plaintiffs.

Edward R. Brumley, New York City, for defendant.

SUGARMAN, District Judge.

Frank Szymanski, an infant, by his guardian ad litem, Edward Szymanski, sues the defendant for injuries which the infant sustained when he was struck by one of defendant's trains.

The plaintiff moves "for an order directing the defendant to produce and permit the inspection and copying of any statements not privileged, which constitute or contain evidence relating to any of the matters permitted by Rule 26(b) and which are in its possession, custody or control".

Were this motion to be decided solely on the notice of motion, it would have to be denied as failing to designate the documents involved.[1] However, limitation of the scope of the discovery sought is found in the moving affidavit wherein it appears that "defendant's representatives obtained a statement from the infant plaintiff and/or his mother shortly after the accident herein occurred". Accordingly the motion will be treated as one for discovery and copying of the statements obtained from the infant and his mother.

1. Fed.Rules Civ.Proc. rule 34(1), 28 U.S.C.A.

Defendant asserts these to be "privileged" statements because they "were taken by a special representative of the Claim Department under the jurisdiction of defendant's Law Department in preparation of a defense to a claim or suit." It is now settled that statements thus obtained are not "work product" of the defendant's counsel.[2]

Plaintiff's counsel's assertion on argument that no copies of the statement thus made by the plaintiff and his mother were ever delivered to them by defendant remains undenied. I hold this to be good cause for permitting plaintiff to now examine and copy them.

If plaintiff in the deposition of defendant to be soon taken ascertains the identity of other witnesses and establishes his inability after appropriate effort to obtain their versions of the accident, he may move for discovery of statements made by them to defendant, not privileged.

Settle order.

Nutter, McClennen & Fish and Robert W. Meserve, Boston, Mass., for plaintiff.

J. Spence, Boston, Mass., William L. Baxter, Boston, Mass., George B. Rowell, Boston, Mass., for defendant.

2. Moore's Federal Practice, 2d Ed., Vol. 4, par. 26.23 [8], p. 1136 et seq. and cases cited.