42577. ATLANTIC COAST LINE RAILROAD COMPANY
v. GAUSE, Executrix.

Argued February 8, 1967—Decided July 6, 1967—
Rehearing denied July 26, 1967—

*Alston, Miller & Gaines, William B. Spann, Jr., Michael A. Doyle, Kenneth W. Gilchrist,* for appellant.

*Lewis, Lewis & Cagle, T. J. Lewis, Jr.,* for appellee.

PER CURIAM. The appeal in this case presents two basic and fundamental questions, namely: (1) Are the documents which the plaintiff seeks to have the defendant produce a part of the work product of the defendant's attorney, as that term is used and defined in Hickman v. Taylor, 329 U. S. 495 (67 SC 385, 91 LE 451)?, and (2). If such documents do not fall within the work product exclusion, has the plaintiff shown such "good cause" for their production as is required by *Code Ann.* § 38-2109 (a) (Ga. L. 1959, pp. 425, 438)?

As was observed by Judge Eberhardt in *Atlantic C. L. R. Co. v. Daugherty,* 111 Ga. App. 144, 150 (141 SE2d 112), *Code Ann.* § 38-2109 (a) is literally and in substance the same as Rule 34 of the Federal Rules of Civil Procedure. This being so, the decisions of the federal courts applying and interpreting those rules, while not absolutely binding on Georgia courts, must of necessity be looked to as highly respectable and persuasive authority. With respect to discovery, it may be said that it was in the case of Hickman v. Taylor, supra, that the concept of "work product" was first formulated. "Work product" was there broadly defined as meaning all such documents and other things as are produced as a result of "interviews, statements, memoranda, correspondence, briefs, mental impres-

sions, personal beliefs, and countless other tangible and intangible" things which a lawyer in representing his client may produce as a part of his preparation to prosecute or defend his client's case. In the leading Georgia case on the subject, *Atlantic C. L. R. Co. v. Daugherty,* supra, p. 151 et seq., where the facts were strikingly like those here, Judge Eberhardt, writing for this court, thoroughly explored the meaning of the work product concept. In that case the plaintiff sought to have the defendant produce "statements taken from defendant's conductor, engineer, fireman, or other crewmen who operated the passenger train, and the switch engine" involved in the collision in question. The defendant objected to the production of a statement given by one of the witnesses named on the ground that it was obtained by the defendant and transmitted to its counsel in order that counsel might advise defendant as to whether there was any liability on its part and to enable such counsel to prepare defendant's case if litigation should arise out of the occurrence, and because the witness, whose statement plaintiff sought to have produced, was available for an interview by the plaintiff and available for the taking of his deposition. This court observed there that it has been generally held that statements taken under the circumstances revealed by the motion to produce and the objections thereto are not within the work product protection. Cited as authority for that conclusion is the case of Szymanski v. New York, N. H. & H. R. Co., 14 F.R.D. 82. In that case the only facts relating to the circumstances under which the statements sought to be produced were taken was that they were taken by a special representative of the railroad claim department under the jurisdiction of the railroad law department.

At least one case has been found wherein it was held that statements taken by the defendant's attorney himself were not exempt from discovery under Rule 34. as being "attorney's work product." See Durkin v. Pet Milk Co., 14 F.R.D. 385, 391 (6). Cited as authority for the ruling in that case was one of the leading and more frequently cited federal cases, Bifferato v. States Marine Corp. of Del., 11 F.R.D. 44, which was to the same effect. The opinion in the latter case clearly drew a dis-

tinction which would seem to be applicable to the facts in this case. "It is a fair inference that the procurement of the statements from crew members was not the result of any basic professional relationship between the lawyer who obtained them and the defendant, or that it required the training, skill and knowledge of a lawyer or the essential integrity implicit in the lawyer-client relationship. The services were those normally rendered by an investigator or claim agent in matters of this type and who occupy no professional relationship to the persons they represent." Bifferato v. States Marine Corp. of Del., 11 F.R.D. 44, 46.

As pointed out by Professor Wright in his hornbook on federal courts, Handbook on the Law of Federal Courts by Charles Alan Wright, § 82, page 313, et seq., a work which contains a succinct and readable summary of the authorities following and applying the ruling in the Hickman case, because of the fact that most of the questions arising in the trial courts with relation to such procedural matters as discovery are most frequently resolved in the trial court and rarely lend themselves to consideration in the later appellate stages of the cases, most of the decisions available are those rendered by district court judges and reported only in Federal Rules Decisions. This results in a great diversity of authority so that by and large in the federal system the matter has been left to adjudication on a case by case basis. Consequently authority for almost any position which may be advanced may be found. In summary, however, it may be said that most of the cases and those which we deem to be the better reasoned cases do not extend the work product immunity to statements obtained by claim agents or investigators, even though such statements are obtained more or less under the direct and active supervision of the defendant's counsel. We think it may be clearly concluded that where, as was shown by the affidavit of the attorney in this case, such statements are routinely obtained as "a standard practice of investigating accidents in which it or its servants and agents may be involved while performing its functions," *Atlantic C. L. R. Co. v. Daugherty,* supra, p. 153, such statements should not be excluded.

Properly interpreted the affidavit of the defendant's attorney, which we have quoted in the statement of facts, shows that as a routine custom whenever one of the defendant's trains is involved in a serious accident he is notified as soon thereafter as possible, and he thereafter instructs and supervises the claim agent in the investigation of the accident, outlining the investigation *to be* conducted and the witnesses *to be* interviewed in preparation for *possible* legal action against the defendant, Atlantic Coast Line Railroad Company. Paraphrasing the quotation from Bifferato v. States Marine Corp. of Del., 11 F.R.D. 44, supra, we think it is a fair inference that the statements which the plaintiff here seeks to have produced, even though they may have been taken under the defendant's attorney's direct supervision, were not obtained as a result of any basic professional relationship between him and the defendant. He does not represent the defendant upon the trial of this case, and the services of taking the statements were no more than those normally rendered by an investigator or claim agent. Such persons occupy no professional relationship to the persons they represent. We, therefore, conclude that the statements in question were not a part of the defendant's attorney's work product or to be excluded from discovery for that reason.

■ It is to be observed that initially in her interrogatories plaintiff sought to have attached to the defendant's answers copies[1] of the same documents which are now sought to be produced under a motion for an order requiring defendant to produce "the following described documents and photographs." There may well be some doubt that plaintiff has really shifted from an effort to get copies to a seeking of the originals, but conceding that to be the effect of the motion we find no basis for reversing.

What constitutes good cause is to a very large degree left

---

[1] As we pointed out in *Atlantic C. L. R. Co. v. Daugherty,* 111 Ga. App. 144, supra, when copies are sought under *Code Ann.* § 38-2109 (b) the "good cause" requirement does not apply. Note some change in this provision (effective September 1, 1967), as made by Ga. L. 1967, pp. 226, 234 (§ 34 (b) of the General Civil Practice Act of 1966, as amended).

to the judgment of the trial court, as we have noted in *Atlantic C. L. R. Co. v. Daugherty,* 111 Ga. App. 144, supra, *Sorrells v. Cole,* 111 Ga. App. 136 (141 SE2d 193), and others. It may appear, as we there observed, from time factors rendering it more unlikely that a faithful reproduction of the statements can be had from the witnesses by going to them directly, or that changes have occurred in the locale, terrain or surroundings which render impossible a reproduction of similar photographs, or it may appear from other matters appearing of record, or from oral testimony delivered before the court, etc. In any event, the record here discloses that there was some kind of hearing held on the motion to require production, following which the order was entered. "It will be presumed that a judgment rendered in a court of general jurisdiction was supported by every fact essential to make it valid and binding." *Chance v. Chance,* 60 Ga. App. 889, 892 (5 SE2d 399). Fulton Superior Court is, of course, a court of general jurisdiction.

He who attacks a judgment has the burden of showing error. This is so well established that citation of authority is not required. If there were lacking sufficient facts and circumstances before the judge to authorize him to find the existence of good cause, this should be supported by the record on appeal. No transcript of the proceedings in connection with the hearing on the motion to require production was brought up. That, or a certificate of the judge as to what was before him for consideration, or a recital of it in the order itself, might have been sufficient to demonstrate the presence or absence of good cause. But we must presume, from failure of appellant to bring any of these for our consideration, that there was evidence before the judge of a nature ample to support his finding and judgment. *Allen v. Smith,* 223 Ga. 265, 266 (154 SE2d 605); *Stamps Tire Co. v. Hartford Acc. &c. Co.,* 115 Ga. App. 326 (3) (154 SE2d 656).

■ Defendant enumerates as error the overruling of three grounds of special demurrer directed to the allegations of negligence contained in Subparagraphs (d) and (e) of Paragraph 16 of the plaintiff's petition. Plaintiff alleged that the defendant was negligent (d) in failing to give notice to plaintiff's decedent

that cars were being moved on track 14, and that the defendant was negligent (e) in failing to use reasonable care to furnish plaintiff's decedent with a safe place to work, having in view the other allegations of the petition. Defendant demurred in Paragraph 13 to Subparagraph (d) on the ground that it was vague and indefinite in that it was not alleged the type of notice which had been or should have been given to plaintiff's decedent, or that the defendant was in a position to give plaintiff's decedent such notice, and in Paragraph 16 of the renewed demurrers the defendant demurred to Subparagraph (e) on the ground that the same was a conclusion unsupported by any well pleaded facts, in that it was not alleged that Bennett Yard was an unsafe place for men to work, or that there was insufficient light, or that any of defendant's equipment was defective, and in Paragraph 17 of the demurrers to the same allegation of negligence on the ground that it failed to specify how or in what manner defendant failed to furnish plaintiff's decedent with a safe place to work. These grounds of demurrer were without merit, and the trial court did not err in overruling them.

*Judgment affirmed. Jordan, P. J., Deen and Quillian, JJ., concur.*