## 44441. JAYNES v. BLAKE.

DEEN, Judge. "Witnesses do not belong to one party more than another," was an early maxim of Justice William Howard Taft. Shaw v. Ohio Edison Co., 90 Ohio Dec. 809, 812. "The object of all legal investigation is the discovery of truth." *Code* § 38-101. Modern jurisprudential concepts veer away from the old chancery practice shielding the identity of a party's witnesses, and seek to lessen the element of surprise so that the trial may be a search for justice rather than an exercise in technical skill. *Code Ann.* § 38-2101 (cf. Federal Rules of Civil Procedure § 26 (b)) stipulates that the deponent may be examined as to any matter, not privileged, relevant to the subject matter involved in the pending action, specifically including the identity and location of persons having knowledge of relevant facts. The identity of such persons, the witnesses or probable witnesses in the case, is not, with certain exceptions, considered privileged even in the hands of an attorney, and particularly where it was obtained by someone other than the attorneys. See Edgar v. Finley, 312 F2d 533; Baker v. Yellow Cab Co., (WD Mo. 1951) 16 FR Serv 33.316; McCall v. Overseas Tankship Corp. (SD NY 1954) 20 FR Serv 26b.211; Roberson v. Ryder Truck Lines (ND Miss. 1966) 41 FRD 166; State of Mary-

land v. Pan-Am Bus Lines, 1 FRD 213; In re Citizens Cas. Co. of N. Y., 3 FRD 171. Agnor, Use of Discovery Under Georgia Civil Practice Act (p. 53, § 2-26), citing DuPree v. Better Way, Inc., 86 S2d 425, states: "The party must furnish such information as to names and addresses of witnesses known to him or to his attorney. This information is not a part of the work product." Similarly, in Moore's Federal Practice, Vol. 4, p. 1254, it is stated: "If expert testimony is involved in a case, no reason is seen why the party should not be required to state what experts he intends to call, so that the adverse party may inquire into their qualifications prior to trial." These authorities refer only to the identity and location of such persons, not to statements obtained from them and which may well be a part of the attorney's work product. *Setzers Super Stores of Ga. v. Higgins,* 104 Ga. App. 116 (3) (121 SE2d 305). See passim *Atlantic C. L. R. Co. v. Daugherty,* 111 Ga. App. 144 (141 SE2d 112); *Nathan v. Duncan,* 113 Ga. App. 630 (7) (149 SE2d 383); *Atlantic C. L. R. Co. v. Gause,* 116 Ga. App. 216 (156 SE2d 476); *Smith v. Smith,* 223 Ga. 551 (2) (156 SE2d 916). The interrogatories addressed to the plaintiff and his attorney of record seeking the identity and location of eyewitnesses to the occurrence, persons arriving on the scene immediately thereafter, and physicians from whom the plaintiff received treatment before and after the accident, and persons from whom statements have been taken (insofar, of course, as the last of these does not represent the work product of the attorney himself) were properly required by the trial court to be answered.

*Judgment affirmed. Bell, P. J., and Eberhardt, J., concur.*

Argued May 6, 1969—Decided May 23, 1969.

*Lynwood A. Maddox, Daniel C. B. Levy,* for appellant.
*Neely, Freeman & Hawkins, J. Bruce Welch,* for appellee.