45368.   McMILLAN v.
GENERAL MOTORS CORPORATION et al.

DEEN, Judge. 1. Although the discovery statutes are to be liberally construed, and although the trial judge is vested with a discretionary power in the grant or refusal of motions for the produc-

tion of documents, this discretion must yet be exercised within the ambit of the decided cases. In *Atlantic C. L. R. Co. v. Daugherty,* 111 Ga. App. 144 (141 SE2d 112), following Hickman v. Taylor, 329 U. S. 495 (67 SC 385, 91 LE 451), it is held that the work product of an attorney reflected in "statements he may have obtained from witnesses or which may have been obtained under his supervision and direction . . . made or obtained in anticipation of litigation" (hn. 2) are not discoverable for "good cause" but there must be an additional showing of "necessity or justification." This ruling applies to the defendant's motion for production of a statement given by an eyewitness to the plaintiff *and* his attorney at some time between September 26, 1968, when the injury occurred and May 20, 1969, (plaintiff's action was filed April 21, 1969) when the existence of the statement was acknowledged. In January, 1970, the defendant took a statement from the witness which appears clear as to what the witness observed about the car, the accident, and the occupant, but which also states: "I don't recall any of the conversation which took place, if any, between the man and me . . . I do not recall if the man mentioned how the accident happened, nor recall anything he said about whether or not he was injured . . . he asked if I would carry him home, and I did . . . During the time I was talking to the man he made no mention of being injured that I can recall." While the statement does not explicitly say so, the court's order states that "defendant asserts that plaintiff's counsel obtained a statement shortly after the event . . . The witness now asserts that his memory is not altogether clear about certain details on which he commented in his statement given to plaintiff's counsel." The court finds this to be good cause for ordering production of the statement on the theory that under *Atlantic C. L. R. Co. v. Gause,* 116 Ga. App. 216 (1) (156 SE2d 476) it does not represent the work product of the attorney, who is the plaintiff's counsel of record, because there is nothing to indicate "that the report could not have been taken by someone other than the attorney, such as an investigator." However *Smith v. Smith,* 223 Ga. 551 (156 SE2d 916) held that the report of a private detective who had shadowed the plaintiff shortly after

she filed suit, which activity was done at the instance of the defendant's attorney, was within the work product concept of the Hickman case although the work was not done by the attorney personally. Here the attorney and the plaintiff jointly interviewed a witness, apparently shortly before the suit was filed and therefore in comtemplation of the litigation, and it also comes within the definition of work product.

Whether, under our holding in *Atlantic C. L. R. Co. v. Gause,* 116 Ga. App. 216, supra, the statement sought might be regarded as beyond the shelter of the work product protection rule is not necessary to consider, for it is recited in the motion to require its production that the statement was "taken from Mr. Lyle by plaintiff's attorney," and in its order the court refers to it as a statement "given to plaintiff's counsel." Under the ruling of the Supreme Court in *Smith v. Smith,* 223 Ga. 551, supra, the statement is clearly within the work product rule and has its protection.

2. In the motion seeking an order for production of the statement defendant recognizes that it has gone no further than to show "good cause" and on that basis asks for the order. In its order requiring production the court asserts that "The defendant has shown good cause for the discovery of the statement." Neither the movant nor the court considers that under the showing made any "necessity or justification" exists,—nor do we.

Our holding in *Daugherty* that in order to require the production of a work product item there must be a showing of more than "good cause"—a showing of "necessity and justification," which is of a higher order than the good cause requirement, was approved in *Smith v. Smith,* 223 Ga. 551, supra, and the burden is on the movant to do so. Vaughn v. Chrysler Corp., 46 FRD 6. This means that the movant must demonstrate that a denial of the motion will result in a manifest injustice or an intolerable hardship. *Atlantic C. L. R. Co. v. Daugherty,* 111 Ga. App. 144, supra.

*Judgment reversed. Bell, C. J., Jordan, P. J., Eberhardt, Pannell, Quillian and Whitman, JJ., concur. Hall, P. J., concurs specially. Evans, J., dissents.*

SUBMITTED JUNE 8, 1970—DECIDED NOVEMBER 18, 1970.

*George & George, William V. George,* for appellant.

*Neely, Freeman & Hawkins, Edgar A. Neely, Jr., Swift, Currie, McGhee & Hiers, Walter O. Lambeth, Jr.,* for appellees.

HALL, Presiding Judge, concurring specially. The defendant sought the production of the statement in question under *Code Ann.* § 81A-134 contending he had shown good cause. I concur in the court's opinion that the statement was a work product item and that a showing of good cause was not sufficient. The question as to whether the statement would be subject to discovery under *Code Ann.* § 81A-126 on a proper showing of necessity is not in my opinion presently before the court. See Agnor, Use of Discovery Under Georgia Civil Practice Act, 53-57, § 2-26.

EVANS, Judge, dissenting. In this case discovery was granted by the trial court as to a written statement given by a witness to both the opposite party and his attorney. The court's order makes it clear that good cause was shown for the production, by stating therein that it appeared the witness' recollection was not clear as to some of the portions of the written statement, which, incidentally, dealt with the way and manner in which the automobile wreck occurred. The burden is always on the party appealing to show reversible error. *Allen v. Smith,* 223 Ga. 265, 266 (154 SE2d 605). Further, it will be presumed that a judgment rendered in a court of general jurisdiction is supported by every fact essential to make it valid and binding. *Chance v. Chance,* 60 Ga. App. 889, 892 (5 SE2d 399); *Stamps Tire Co. v. Hartford Acc. &c. Co.,* 115 Ga. App. 326 (3) (154 SE2d 656); *Atlantic C. L. R. Co. v. Gause,* 116 Ga. App. 216, 225 (156 SE2d 476); *Richards v. Richards,* 203 Ga. 436 (4) (46 SE2d 900).

In this case I believe the written statement was discoverable. First of all, the discovery was sought of the *party,* and not of the attorney. The attorney had a perfect right to urge—if discovery had been sought of him—that he could not be compelled to discover his work product, and of course he would then have had the burden of showing that the paper in question was indeed the attorney's work product. But no such privilege of immunity extends to the *party,* and in this case the record clearly shows that the party, as well as his attorney, took the paper in question. It has been properly held that a party can not take his evidence and

prevent discovery of same by placing it in the hands of his attorney. *Atlantic C. L. R. Co. v. Daugherty,* 111 Ga. App. 144, 150, supra. Thus, in this case, the party should have been required to discover the paper, irrespective of what position the attorney could have taken against a paper which was the result of his work product.

In the next place, the trial court determined that good cause existed for requiring production of the paper. It must be presumed that the trial judge had every fact before him which was essential to make his judgment valid and binding *Atlantic C. L. R. Co. v. Gause,* 116 Ga. App. 216, 225, supra; *Stamps Tire Co. v. Hartford Acc. &c. Co.,* 115 Ga. App. 326 (3), supra.

I therefore dissent.