## 71903. CUSTOM ONE-HOUR PHOTO OF GEORGIA, INC. et al. v. CITIZENS & SOUTHERN BANK.

(345 SE2d 147)

CARLEY, Judge.

The accounts of appellant Custom One-Hour Photo of Georgia, Inc. (One-Hour) were maintained at the appellee Citizens and Southern Bank (Bank). Records on file with the Bank contained conflicting resolutions of authority over One-Hour's accounts. Appellants Williams, Brown and Morgan are officers of One-Hour who became involved in a legal action among themselves regarding control of One-Hour and of its funds. Under all of the circumstances, the Bank was uncertain as to who was authorized to handle the funds in the accounts of One-Hour. Feeling itself in danger of multiple claims and liability, the Bank filed the instant interpleader action and paid the subject funds into the registry of the trial court. The Bank requested that it be discharged from all future liability as to any of the appellants and also sought attorney fees. Appellants moved to dismiss the interpleader action. The trial court denied appellants' motion to dismiss and granted the Bank's motion to be discharged and its request for attorney fees. Appellants appeal from the order of the trial court.

The Bank has moved to dismiss appellants' appeal. The trial court's order contains no direction as to the entry of a final judgment pursuant to OCGA § 9-11-54 (b). The Bank contends that, absent such direction, the trial court's order is not final and, therefore, not directly appealable. Thus, the first question for resolution is whether, absent the trial court's express determination and direction provided for in OCGA § 9-11-54 (b), the instant appeal is properly before us.

There is a recent decision of this court which constitutes at least implicit authority for the proposition that compliance with OCGA § 9-11-54 (b) is indeed a prerequisite to the filing of a direct appeal from such an order as is here in issue. *Thompson v. Bank of the South*, 172 Ga. App. 579, 581 (1) (323 SE2d 877) (1984). However, we find no Georgia case which explicitly addresses the issue. In the absence of clearly controlling Georgia authority, "we are at liberty to extrapolate from decisions construing substantially identical Federal Rules of Civil Procedure. . . ." *Cohen v. Garland*, 119 Ga. App. 333, 336 (167 SE2d 599) (1969). The language of OCGA §§ 9-11-22 and 9-11-54 (b) is substantially equivalent to that found in Rules 22 and 54 (b) of the Federal Rules of Civil Procedure. "This being so, the decisions of the federal courts applying and interpreting those rules, while not absolutely binding on Georgia courts, must of necessity be looked

to as highly respectable and persuasive authority." *Atlantic Coast Line R. Co. v. Gause*, 116 Ga. App. 216, 221 (156 SE2d 476) (1967). The federal courts have held that an order granting interpleader and discharging a stakeholder is nonappealable unless the trial court directs the entry of final judgment under Federal Rule of Civil Procedure 54 (b). This is because such an order still leaves the various claims to the stake pending before the trial court and the pendency of those claims prevents the entry of a final judgment embracing the entire action. See generally *Great American Ins. Co. v. Bank of Bellevue*, 366 F2d 289 (8th Cir. 1966); Wright & Miller, Fed. Practice & Procedure: Civil § 1720, Vol. 7 (1972).

This rationale expressed by the federal courts is entirely consistent with the implicit holding in *Thompson*, supra. We now expressly adopt it as the rule which will be followed in Georgia. An order which holds that interpleader is a viable remedy and which dismisses the instigating stakeholder is not directly appealable unless the trial court clearly directs the entry of final judgment pursuant to OCGA § 9-11-54 (b). In the instant case, neither the trial court's order on the interpleader issue nor its ancillary order as to attorney fees is accompanied by an OCGA § 9-11-54 (b) direction for the entry of final judgment. Accordingly, this appeal therefrom must be dismissed.

*Appeal dismissed. McMurray, P. J., and Pope, J., concur.*

DECIDED MAY 9, 1986.

*Fred S. Clark*, for appellants.
*Sam P. Inglesby, Jr., Leo G. Beckmann, Jr., Charles W. Williams*, for appellee.