An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

GOLIGHTLY & VANNAH, PLLC,
Petitioner,
vs.
THE SECOND JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF
WASHOE; AND THE HONORABLE
PATRICK FLANAGAN, DISTRICT
JUDGE,
Respondents,
and
RENOWN REGIONAL MEDICAL
CENTER; TJ ALLEN, LLC;
UNIVERSAL SERVICES INC.; AND
CRYSTAL A. BROWN,
Real Parties in Interest.

No. 67831

**FILED**

MAY 20 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER DENYING PETITION
### FOR WRIT OF MANDAMUS OR PROHIBITION

This is an original petition for a writ of mandamus or prohibition challenging a district court order distributing funds in an interpleader action. Second Judicial District Court, Washoe County; Patrick Flanagan, Judge.

Petitioner Golightly and Vannah, PLLC, alleges that a writ petition is the appropriate method of challenging a district court order addressing an attorney's charging lien, citing to, among other things, *Albert D. Massi, Ltd. v. Bellmyre,* 111 Nev. 1520, 908 P.2d 705 (1995). We dismissed the appeal in *Massi* for lack of jurisdiction because an attorney is not a party to his client's case and has no standing to appeal from an adverse judgment in his client's case denying the attorney recovery on a charging lien. We noted therein that such an attorney's "proper recourse is through a petition for extraordinary writ." *Id.* at 1521, 908 P.2d at 706.

15-15479

In contrast, the action underlying this writ petition is an interpleader action initiated by the attorney. In such an action, it is the attorney, not his client, who is the plaintiff. Thus, as the plaintiff, the attorney is a party to the action and has the right to appeal from any adverse final judgement. *See* NRAP 3A(a). Moreover, in an interpleader action, a final, appealable judgment is generally held to be one that grants the interpleader request, discharges the plaintiff from further liability, and adjudicates the claimants' competing interests in the funds placed with the court. *See, e.g., Abex Corp. v. Ski's Enters., Inc.*, 748 F.2d 513, 515 (9th Cir. 1984); *Custom One–Hour Photo of Ga. v. Citizens & S. Bank*, 345 S.E.2d 147, 148 (Ga. Ct. App. 1986); *Scruggs, Millette, Bozeman & Dent, PA. v. Merkel & Cocke, P.A.*, 763 So. 2d 869, 872 (Miss. 2000); *K & S Interests, Inc. v. Tex. Am. Bank/Dallas*, 749 S.W.2d 887, 889 (Tex. Ct. App. 1988); *see generally* 44B Am. Jur. 2d Interpleader § 81. Thus, in this case, petitioner had a right to appeal from the challenged March 18, 2015, order, which discharged petitioner and adjudicated the non-defaulted claimants' claims to the interpleaded funds. Because the right to appeal is a plain, speedy, and adequate legal remedy precluding writ relief, NRS 34.160; NRS 34.330; *Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008), we decline to consider this writ petition. Accordingly, we

ORDER the petition DENIED.

_____, J.
Parraguirre

_____, J.
Douglas

CHERRY, J., dissenting:

I dissent. Because this writ petition was filed within the time frame to appeal, I would convert this writ petition into an appeal.

_____, J.
Cherry

cc:    Hon. Patrick Flanagan, District Judge
       Golightly & Vannah, PLLC
       Crystal A. Brown
       Maupin, Cox & LeGoy
       Laxalt & Nomura, Ltd./Reno
       Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A