**FIFTH DIVISION
MCFADDEN, P. J.,
GOBEIL and LAND, JJ.**

**NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules**

**March 10, 2023**

# In the Court of Appeals of Georgia

A22A1519. BENCHMARK REHABILITATION PARTNERS, LLC
v. SDJ LOGISTICS, LLC.

MCFADDEN, Presiding Judge.

This appeal challenges a trial court order granting a defense motion to compel a non-party to produce documents. Because the appellant has failed to show that the trial court abused its discretion, we affirm.

1. *Facts and procedural posture.*

Shuntesis Brooks filed a lawsuit against SDJ Logistics, LLC, alleging that SDJ is liable for damages, including medical expenses, arising out of a motor vehicle collision involving an SDJ driver. SDJ served requests for production of documents on various non-parties, including Benchmark Rehabilitation Partners, LLC, which

had provided physical therapy treatment to Brooks. After Benchmark objected and refused to produce certain documents, SDJ filed a motion to compel production.

The trial court granted the motion, finding that good cause existed to compel production of the documents that were "uniquely in Benchmark's possession" and were "reasonably calculated to lead to admissible evidence." The trial court ordered Benchmark to produce:

(1) All correspondence with Plaintiff's counsel and/or counsel's firm, as well as any factoring, funding, or similar company, including but not limited to Glofin, Medchex, Omni, pertaining to this Plaintiff and/or case.
(2) The "rate sheet" at issue.
(3) Any contract with any factoring, funding, or similar company, including but not limited to Glofin, Medchex, Omni, applicable to this Plaintiff and/or case.
(4) Benchmark's HIP[A]A "audit log" pertaining to Plaintiff's treatment for this case.

The court denied each side's respective requests for attorney fees, but ordered SDJ to "pay reasonable costs associated with this discovery production."

Benchmark filed this direct appeal from the trial court's order, citing the collateral order doctrine in its notice of appeal.

2. *Appellate jurisdiction.*

2

SDJ has moved to dismiss the appeal, contending that the collateral order doctrine does not authorize non-party Benchmark's direct appeal from an interlocutory discovery order. We disagree. In determining whether the collateral order doctrine applies, we are to "evaluate the entire class to which the claim belongs to determine whether this category of claims is potentially appealable under the collateral order doctrine." *Buckner-Webb v. State*, 314 Ga. 823, 828 (2) (a) (878 SE2d 481) (2022). We note that three members of our Supreme Court opined in *Buckner-Webb* that "the doubtful authority for importing the doctrine [from federal law] at all cements the case against expanding its reach here." Id. at 836 (2) (Pinson, J., concurring). But as detailed below, the claim before use falls into a category of cases to which settled law holds the doctrine applicable. Under the collateral order doctrine, where an interlocutory discovery order is "directed to a disinterested third party, . . . the order is directly appealable." *Speedy Care Transport v. George*, 348 Ga. App. 325, 326 n. 1 (822 SE2d 687) (2018). Accord *WellStar Kennestone Hosp. v. Roman*, 344 Ga. App. 375, 377 n. 6 (810 SE2d 600) (2018) ("order denying a disinterested non-party's motion to quash or modify a subpoena is directly appealable under the collateral order doctrine"); *Hickey v. RREF BB SBL Acquisitions*, 336 Ga.

3

App. 411, 413-414 (1) (785 SE2d 72) (2016). Accordingly, SDJ's motion to dismiss the appeal is hereby denied.

3. *Alleged failure to consider relevant factors.*

Benchmark contends that the trial court erred in failing to consider relevant factors raised in its response to the motion to compel. But Benchmark has pointed to nothing in the record showing that the trial court did not consider its response or all relevant factors. On the contrary, the trial court's order expressly stated that the court had "considered the record and all applicable law" in reaching its decision. While the trial court's order does not include a specific analysis of Benchmark's arguments, Benchmark has not shown that the court was required to set forth any such analysis in its order or otherwise make particularized findings in ruling upon SDJ's discovery motion. See generally *Pettus v. Smith*, 174 Ga. App. 587, 588 (1) (330 SE2d 735) (1985) (provisions of OCGA § 9-11-52 requiring findings of fact and conclusions of law do not apply to a "trial court . . . ruling upon motions") (citation and punctuation omitted). Absent a showing to the contrary, we presume that the trial court made all required findings, "even if the required findings are not specifically set out in the order." *Burson v. Collier*, 226 Ga. 427, 428 (1) (a) (175 SE2d 660) (1970). See also *State v. Holmes*, 306 Ga. 647, 652 (2) (832 SE2d 777) (2019) ("this [c]ourt presumes

4

— absent record evidence to the contrary — that the trial court understood the nature of its discretion and exercised it") (citation and punctuation omitted). This claim of error thus provides no grounds for reversal of the trial court's order.

4. *Documents in Benchmark's possession.*

Benchmark argues that the trial court's order is due to be reversed because she erred in finding that the requested documents were "uniquely in Benchmark's possession." This was error, Benchmark contends, because its communications with plaintiff's attorneys and its communications and contracts with any factoring, funding, or similar companies were also in the possession of those respective entities. We cannot evaluate the legal merits of that argument because Benchmark has pointed to no evidence in the record supporting these claims or showing precisely what documents were actually in the possession of and obtainable from others. See *Hickey*, supra at 417 (2) (c) (appellants did "not point to evidence that the information [sought from non-party] could be obtained by other means") (citation and punctuation omitted).

It is axiomatic that the burden is on the appellant to establish error from the record and this burden is not satisfied by mere assertions in the appellate brief. *Speedy Care Transport*, supra at 328 (1) (b). Given the appellant's "burden of

proving error by the appellate record, . . . where, as here, insufficient information was [cited] in the record for appellate review, the trial court ruling must be upheld. . . . [Benchmark] has failed to meet [its] burden to demonstrate error by the . . . record[.]" *Adams v. State*, 306 Ga. 1, 6 (2) (829 SE2d 126) (2019) (citations and punctuation omitted). See also *Hipster, Inc. v. Augusta Mall Partnership*, 291 Ga. App. 273, 276 (2) (661 SE2d 652) (2008) (where appellant fails to show error affirmatively by the record, "we are not required to cull the record on its behalf"); Court of Appeals Rule 25 (d) (1) (enumerations of error must be supported by specific citations to the record).

5. *Good cause.*

In its final enumeration of error, Benchmark contends that the trial court erred in finding good cause to grant the motion to compel. Benchmark, however, has failed to show an abuse of discretion.

"Georgia's Civil Practice Act provides for broad discovery into all matters that are relevant and not privileged." *Bethune*, supra at 275 (2).

> Under OCGA § 9-11-26 (b) (1), parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party. Pursuant to OCGA § 9-11-34 (a) (1), a party may request that

6

another party produce documents containing matter discoverable within the scope of OCGA § 9-11-26 (b), and OCGA § 9-11-34 (c) (1) establishes that the discovery of nonprivileged documents also applies to nonparties. Thus, as with discovery requested from parties, the only requirements placed by the Georgia legislature on discovery requested from nonparties is that the documents must be relevant and nonprivileged.

*Ortho Sport & Spine Physicians v. City of Duluth*, 352 Ga. App. 215, 216 (2) (834 SE2d 315) (2019) (citation and punctuation omitted).

In this case, Benchmark has made no showing that the documents were either privileged or irrelevant. Rather, Benchmark asserts the trial court erred in relying solely on the relevance of the documents to find good cause to grant the motion to compel. Benchmark premises this assertion — that the court based its ruling solely on relevance — on its prior argument, addressed above in Division 3, that the trial court's additional finding that the documents were uniquely in Benchmark's possession was improper. But as discussed above, Benchmark has failed to meet its burden of showing error by the record as to the trial court's finding regarding possession of the documents. Thus, the very premise of this final enumeration of error is flawed.

Moreover, regardless of the flawed premise, Benchmark has also misconstrued the trial court's order by claiming that it merely made a finding of relevance. "In the

7

context of discovery, courts should and ordinarily do interpret 'relevant' very broadly to mean matter that is relevant to anything that is or may become an issue in the litigation." *Bethune v. Bethune*, 363 Ga. App. 273, 275-276 (2) (870 SE2d 827) (2022) (citation and punctuation omitted). Contrary to Benchmark's claim, the trial court did not make such a broad finding that the documents were merely relevant to anything that may become an issue in the case. Rather, the trial court also expressly found that the documents were "reasonably calculated to lead to admissible evidence." Cf. *RTA Strategy v. Silver Comet Terminal Partners*, 347 Ga. App. 266, 268-269 (817 SE2d 720) (2018) (trial court erred in granting motion to compel production of information that was neither relevant to the subject matter of the underlying dispute nor reasonably calculated to lead to admissible evidence). "Even if [such relevant] information . . . would be inadmissible at trial, it is not a ground for objection if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." *Ortho Sport & Spine Physicians*, supra (citation and punctuation omitted).

As for the trial court's ruling that there was good cause to grant the motion to compel, "[w]e review a trial court's ruling on such a motion for abuse of discretion." *Ortho Sport & Spine Physicians*, supra at 215 (2) (citation and punctuation omitted).

Accord *Bethune*, supra at 276 (2) ("We will not interfere with the trial court's discovery decisions absent a clear abuse of discretion.") (citation and punctuation omitted).

A party moving to compel discovery against a non-party, "shall make a showing of good cause to support [the] motion." OCGA § 9-11-34 (c) (1). "What constitutes good cause is to a very large degree left to the judgment of the trial court." *Leonard Bros. Trucking Co. v. Crymes Transports*, 123 Ga. App. 424, 426 (2) (181 SE2d 296) (1971) (citation and punctuation omitted). "This good cause may be shown in a number of ways, depending on the particular situation involved, and is largely within the sound discretion of the trial judge. Because the matter is so highly discretionary — the results [will] vary[] from case to case depending on the specific facts shown to a particular judge[.]" *Atlantic Coast Line Railroad Co. v. Daugherty*, 111 Ga. App. 144, 156 (3) (a) (141 SE2d 112) (1965) (citations and punctuation omitted). Under the circumstances of this case, Benchmark has failed to show that the trial court abused its discretion in finding good cause to compel production of relevant documents that were reasonably calculated to lead to admissible evidence. See generally *McMillan v. General Motors Corp.*, 122 Ga. App. 855, 856 (1) (179 SE2d 99) (1970) (good cause for production of witness statement).

9

*Judgment affirmed. Gobeil and Land, JJ., concur.*