No. 12.—WILLIAM TERRELL, plaintiff in error, *vs.* THE STATE OF GEORGIA, defendant.

[1.] It appearing, from the statement in the face of the indictment, that the Grand Jury were sworn, it is not competent, *on a motion in arrest of judgment,* to disprove the recital by *aliunde* testimony.

Indictment for murder. Tried before Judge HILL, at March Term, 1850.

At the September Term, 1848, of DeKalb Superior Court, a true bill for murder was found and returned by the Grand Jury against William Terrell, the plaintiff in error. At March Term, 1850, the defendant was put upon his trial, and the Jury returned a verdict of voluntary manslaughter.

The defendant, by his counsel, moved to arrest the judgment of the Court on two grounds :

1st. Because the prisoner was not charged in the bill of indictment with having committed the offence of murder UNLAWFULLY.

2d. Because the name of *Patterson* M. Hodge appeared as a Grand Juror in the bill of indictment, and it no where appeared, on

Terrell *vs.* The State of Georgia.

the records of said Court, that said *Patterson* M. Hodge was sworn as a Grand Juror at that term of the Court, and that it appeared, from the certificate of the Clerk of said Court, that he was not sworn as a Grand Juror at said term of the Court.

It appeared, from the certificate of the Clerk of the Court, that *Patrick* M. Hodge was sworn as one of the Grand Jury, at the term of the Court the said bill of indictment was found, to wit: September Term, 1848.

The Court overruled the motion in arrest of judgment, and counsel for defendant excepted, and assigned error upon the second ground only.

A. H. H. DAWSON, for plaintiff in error.

Sol. Gen. TIDWELL, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

[1.] We do not find it necessary to express any opinion upon the merits of the objection taken to this proceeding. We are willing to concede, that it would have been valid if taken at the proper time and in the right way; for no man shall be held to answer for any capital or infamous offence, until he shall have been first charged with the same by a Grand Jury of the County, who have taken the oath prescribed to them by law. But was it good in arrest of judgment? We think not.

We understand that nothing is good in arrest of judgment, which does not arise from *intrinsic* causes appearing upon the face of the record. The record of this case commences with the bill, and on the face of the indictment, it is stated that the Grand Juror, Patterson M. Hodge, was sworn. To controvert this recital, and to show that the Juror was not sworn, recourse is had to the minutes of the Court, at the beginning of the term, and to the certificate of the Clerk, neither of which are admissible upon such a motion. The defendant, to take advantage of this irregularity, should have pleaded it specially in bar, upon the arraignment, (*Prince,* 660,) and before proceeding to trial.

I would not say that it would not be ground for a new trial, had the fact come to the knowledge of the defendant too late to make it available in any other way.