JAMES M. REINHART, plaintiff in error, vs. THE STATE OF GEORGIA, defendant in error.

[1.] A motion in arrest of judgment can be sustained only ⸢upon such cause as is apparent upon the face of the record.

Reinhart vs. The State.

[2.] Where a copy presentment appears from the minutes of Court to have been established in lieu of a lost original, and the defendant is tried on a paper which purports to be the original,

*Held,* That it does not appear from the whole record, that the paper was not the original, for the paper itself which is a part of the record, purports to be that original which once was lost, its presence purporting that it has been found.

[3.] A general order from the owner, overseer or employer of a slave to a vendor of spirits, requesting him to let the slave have spirits in reasonable quantity whenever he wants it, is no justification for furnishing any quantity, however small.

Indictment for furnishing a slave with spirituous liquors, and motion in arrest of judgment, and for new trial. In Laurens Superior Court, before Judge HANSELL, at October Term, 1859.

At the October Term, 1857, of Laurens Superior Court, four presentments were made by the grand jury, against James M. Reinhart, the plaintiff in error, all for furnishing spirituous liquors to a slave. At the April adjourned Term, 1859, the defendant was put upon trial on one of said presentments; he waived formal arraignment, and plead not guilty. Before going into trial, his counsel inquired of the Solicitor General, Edward T. Sheftall, Esq., whether he was proceeding on the original presentment, or an established copy, to which the Solicitor General replied, that he was proceeding on the original, which had been mislaid, but which he had found. It appeared that all the presentments had been lost or destroyed, and copies established at April Term, 1858, upon the motion of the Solicitor General, and that defendant had been tried at said Term, upon one of said cases, and acquitted. It further appeared that said presentments had not been spread out in full on the minutes of the Court, but entries thereon of each, made as follows:

"The State,
    vs. } Furnishing a slave with spirituous
James M. Reinhart. } liquors.
        Special presentment of the grand jury.
            DANIEL H. COOMBS, Foreman."

The trial proceeded, and defendant was found guilty. Whereupon, his counsel moved in arrest of judgment, upon the ground, that he had not been tried and convicted upon an indictment found by the grand jury, nor upon a legally established copy of such indictment.

At the same time counsel for defendant moved for a new trial upon the ground that the verdict was contrary to law and the evidence.

Upon the argument of these motions, it was admitted by the Solicitor General, that the indictment was only a copy, established by order of Court, and not the original presentment, as he had supposed, and by mistake, had stated when going into the trial.

The Court after argument, refused both motions, and defendant by his counsel excepted and assigned said refusal as error.

DANIEL & ANDERSON, far plaintiff in error.

SOL. GENERAL, contra.

*By the Court.*—STEPHENS J. delivering the opinion.

[1. & 2.] The motion in arrest of judgment in this case, is founded on the allegation, that the defendant was not tried upon an original indictment found by the grand jury, nor upon a legally established copy. The record discloses that the indictment was expressly waived by the defendant, and the presentment put in its stead. The allegation then is answered by this waiver, unless it be understood as an allegation that the paper on which he was tried, was not an original *presentment* nor a legally established copy. Construing the allegation in this sense, it is unnecessary to consider whether it is true or not, for it is sufficient that it is not shown to be true on the *face of the record.* It is a well settled principle, that a motion in arrest of judgment can be

sustained only upon such cause as is apparent upon the face of the record. The effort in this case to show the fact by affidavits, is a confession, (if any evidence were needed,) that it did not appear upon the face of the record. The paper on which the trial was had, *purported* to be the original presentment, and there is nothing on the record showing that it was not what it purported to be. It was said in the argument, that the record showed the original had been destroyed or lost. True, but it did not show that being lost, it had never been found. If found, it was the proper paper on which to have the trial, notwithstanding a copy had been established in its place. The paper itself is a part of that record into which the Court had to look, in considering the motion in arrest of judgment; and the paper purported to be the original, that is to say, it purported that it had been *found.* There is nothing else in the record inconsistent with this, and there is nothing there, therefore, to support this motion. Had a motion for a new trial been made on the ground, that the paper, though purporting to be the original, was not such, nor a *true* copy, and that the defendant had been misled by the statement of the Solicitor General, into such a mistake as could have *hurt* him, the case would be a very different one. But the motion for a new trial is not founded at all upon this matter, but only on the ground, that

[3.] The verdict was unsupported by the evidence. There was an abundance of evidence showing, that the defendant had repeatedly sold liquor to the negro in question for his own use, and that the negro had drunk the liquor in his presence. But it was attempted to justify this selling under a general verbal order from the employer of the negro to the defendant, to let the negro have spirits in " reasonable quantity," whenever he wanted it. It may be remarked that this very defence shows that the spirit was for the negro's own use, but it utterly fails to show legal authority for the sale. The law does allow the owner, overseer or employer of the slave, to furnish him such quantity as the *owner, overseer* or

*employer* may deem beneficial to the slave's health, but the law has not done so foolish a thing as to put this same discretion in him who sells the spirits, nor can it be put there by delegation from him who has it. If it were placed there, the quantity supplied would generally depend much less upon its "reasonableness" or healthfullness, than upon the amount of money the slave might happen to have. How many vendors would consider that a purchaser was transcending the limits of reason or health, so long as he was paying for all he got?

Judgment affirmed.