## SEALS *v.* THE STATE.

Where one has been convicted in a court having criminal jurisdiction of misdemeanors only, under an accusation charging her with larceny from the house by stealing therefrom certain specified goods under the value of fifty dollars, there is no error in overruling her motion in arrest of

judgment, based on the fact that the proof on the trial showed that the owner of the stolen goods lost others not mentioned in the accusation, which added to those described in the accusation would amount to more than fifty dollars in value. Even if a motion in arrest of judgment were the remedy in any criminal case founded upon a variance between the allegations and the proof, it was properly overruled in this case, for the reason that the evidence failed to show that all the goods lost were stolen at the same time, and it further appeared that the conviction of the accused was founded on her possession of stolen goods amounting in value to less than fifty dollars.

Argued May 15, — Decided May 30, 1899.

Accusation of larceny from the house. Before Judge Calhoun. Criminal court of Atlanta. March term, 1899.

*S. C. Crane* and *J. L. Cobb,* for plaintiff in error.
*James F. O'Neill, solicitor,* contra.

Lewis, J. An accusation was framed in the criminal court of Atlanta against Lula Seals, William Seals, and Ella Rhodes, charging them with the offense of larceny from the house by taking and carrying away therefrom, with intent to steal the same, certain specified articles of the value of $29. Lula Seals was placed on trial upon this charge, and was found guilty; whereupon she made a motion in arrest of judgment, on the ground that the offense committed was shown by the testimony to be that of a felony, and the criminal court of Atlanta had no jurisdiction over the offense. From her motion it appears that the evidence showed that she had been an employee of the owner of the house for about eight weeks. The property was missed by the owner two days after she left this employment. It consisted of different articles taken from different portions of the house. The aggregate value of the property stolen was $60, but the owner recovered from the defendant only $39 worth of it, including the articles described in the accusation. To the judgment of the court overruling this motion in arrest of judgment plaintiff in error excepts.

We question very much whether in any event a motion in arrest of judgment is the remedy to correct an alleged error of this character. As a rule of law, a motion in arrest of judgment can be sustained only upon such cause as is apparent upon the face of the record. See *Terrell* v. *State,* 9 *Ga.* 58;

*Reinhart* v. *State*, 29 *Ga.* 522.   We know of no principle which would bring this case within any exception to that rule, if any exception exists.   When this motion was made no defect appeared upon the face of the record in the case.   We do not think that the evidence which was introduced on the trial could be considered as a part of the record, especially in view of the fact that the accused was put on trial for a misdemeanor, in which class of cases it is not required that the evidence shall be written down as delivered.   In such a case the testimony becomes a part of the record only when approved by the court and ordered filed as such, and then usually only for purposes of a motion for a new trial.   This is simply a case of an alleged material variation between the allegations and proof in a criminal case, and we can not see why a motion for a new trial was not the remedy.

But apart from the above views, there can be no question about the correctness of the judgment overruling this motion under the facts it states.   It will be observed that there appeared no proof whatever that all the property lost by the owner was stolen at the same time.   If such had been the case, recent possession of a portion of the stolen goods, unexplained, would have been sufficient to authorize the conclusion that the party in possession thereof was guilty of the entire larceny; but these goods being taken from different portions of the house, it is, to say the least, a legitimate inference that they were stolen at different times, and if so, of course each theft there was a separate offense.   The conviction was founded on the possession of only a portion of the goods, of less value than $50, and we think the testimony clearly authorized a legal conviction for the misdemeanor charged.

*Judgment affirmed.   All the Justices concurring.*