17775.    YOUNG v. THE STATE.

BROYLES, C. J.   The accused was being tried for the offense of manufactur-
ing whisky, and the following verdict was returned: "We, the jury,
find the defendant guilty, and recommend it be treated as a misde-
meanor." The verdict was received in open court and published, and the
jury dispersed, taking their seats in various parts of the court-room.
A few minutes later the court recalled the jury to the jury box, and in-
quired of each juror if, since the verdict was published, he had spoken
to any one about the case, or if any one had spoken to him about the
case and each juror answered the questions in the negative. The court
thereupon stated to the jury that he had charged them that if they
found a verdict of guilty it would be their duty to fix a minimum
and a maximum sentence of not less than one year nor greater than
five years. The court then again correctly charged them upon their
duty to fix a minimum and maximum sentence and instructed them to
retire. The jury thereupon retired to the jury room and subsequently
returned the following verdict: "We, the jury, find the defendant
guilty, and fix the minimum and maximum penalty one year, and recom-
mend it be treated as a misdemeanor," the original verdict being altered
by the insertion therein of the words "and fix the minimum and maxi-
mum penalty one year." This verdict was received in open court and
published, and the court thereupon sentenced the defendant to be put
to work and labor on the public works of the county of DeKalb for the
term of six months. During the same term of court the defendant filed
a motion to vacate and set aside the verdict and judgment, on the
ground "that the verdict upon which said judgment was based was il-
legal, and that no legal judgment or sentence could be predicated there-
on, and that the judgment against defendant was therefore illegal, for
the reason that it was improper and illegal for the court to permit the
jury to reassemble and to resubmit the case to the jury under the cir-
cumstances as set out in said motion." *Held*, that the denial of the
motion to vacate and set aside the verdict and judgment was not error.
*Judgment affirmed.   Luke, J., concurs.   Bloodworth, J., absent on account
of illness.*

DECIDED JANUARY 11, 1927.

Making intoxicating liquor; from DeKalb superior court—Judge
Hutcheson. September 11, 1926.

Application for certiorari was denied by the Supreme Court.

*Branch & Howard*, for plaintiff in error.

Criminal Law, 16 C. J. p. 1114, n. 45; p. 1115, n. 55.