## PIPPIN v. THE STATE.

No. 7840. FEBRUARY 14, 1931.

226

*Wallace & Wallace* and *J. B. Jackson,* for plaintiff in error.
*Charles H. Garrett, solicitor-general,* contra.

ATKINSON, J. ■ When a judgment has been rendered, either party may move in arrest thereof or to set it aside for any defect, not amendable, which appears on the face of the record or pleadings. Civil Code, § 5957. A motion in arrest of judgment differs from a motion for a new trial in this: The former must be predicated on some defect which appears on the face of the record or pleadings, while the latter must be predicated on some extrinsic matter not so appearing. § 5958. In *Terrell* v. *State,* 9 *Ga.* 58, it was held: "It appearing from the statement on the face of the

indictment that the grand jury was sworn, it is not competent on a motion in arrest of judgment to disprove the recital by aliunde testimony." In *Reinhart* v. *State,* 29 *Ga.* 522, 525, it was held that a motion in arrest of judgment can be sustained only upon such cause as is apparent upon the face of the record. It was said: "The paper on which the trial was had purported to be the original presentment, and there is nothing on the record showing that it was not what it purported to be. . . Had a motion for a new trial been made on [this] ground . . the case would be a very different one." In *Bird* v. *State,* 14 *Ga.* 45, juries, both grand and petit, were drawn without a venire. It was held that this constituted no ground for arrest of judgment. If "there is anything going to show that the prisoner has not been tried by an impartial jury boni et legales homines, it would be a ground for a new trial." In *Smith* v. *State,* 60 *Ga.* 430, it was held that the record was silent as to the fact that the prisoner and his counsel were present is no cause for arrest of judgment. If the defendant is absent when the verdict is rendered, it is a fact extrinsic of the record and may be proved to set aside the verdict. In *Seals* v. *State,* 107 *Ga.* 713 (33 S. E. 392), it was held that where one had been convicted in a court having jurisdiction of misdemeanors, under an accusation charging her with larceny from the house by stealing therefrom certain specified goods under the value of $50, there was no error in overruling her motion in arrest of judgment, based on the fact that the proof on the trial showed that the owner of stolen goods lost others not mentioned in the accusation, which added to those described in the accusation would amount to more than $50 in value. In *Brown* v. *State,* 150 *Ga.* 585 (104 S. E. 428), it was held that in a criminal case a motion for a new trial is an available remedy to the defendant for setting aside the verdict on the ground that it was received during the unauthorized absence of his sole counsel. Also: "In this State there is no rule of practice or other provision of law for setting aside a verdict on such ground, except by a motion for new trial." In *Regopoulas* v. *State,* 116 *Ga.* 596 (42 S. E. 1014), it was held that a motion in arrest of judgment must be predicated on some defect apparent on the face of the record. In *Smith* v. *State,* 117 *Ga.* 16 (43 S. E. 440), the defendant was indicted for burglary. The jury found him guilty of a misdemeanor, and an arrest of judgment was sus-

tained. In *Spence* v. *State, 7 Ga. App.* 825, 826 (68 S. E. 443), it was held that a motion in arrest of judgment in a criminal case must be predicated on some defect which appears on the face of the record. It was said: "'The face of the record' means, in a criminal case, the indictment and the verdict; a defect on the face of the record exists when there is any inadequacy in the allegation, not cured by the verdict, or where the verdict does not conform to the charge in the indictment." In *Williams* v. *State, 4 Ga. App.* 853 (62 S. E. 525), it was held that a motion in arrest of judgment is not the proper mode of presenting to the attention of the court errors in overruling a motion for continuance, or in allowing a separation of the jury. In the light of the foregoing the fact that the judge below certifies, in the bill of exceptions, to the truth of the allegations in the motion in arrest of judgment does not make those facts a part of the record to which the motion in arrest relates. In a motion for new trial it might be appropriate for a judge to certify to events which transpired in his presence, but such certification of anything within the judge's knowledge would not constitute the basis of a motion in arrest of judgment. Those facts which he certifies are dehors the record. This is plainly set forth in *Mayor &c. of Washington* v.. *Calhoun, 103 Ga.* 675 (30 S. E. 434). In that case Calhoun sued the Mayor and Council of Washington for the negligent killing of two mules, the property of the plaintiff, "reasonably worth $250.00." There was a general verdict for the plaintiff, without specifying the amount he was entitled to recover. The defendant filed a motion in arrest of judgment, to the overruling of which it excepted. This court said: "In the order overruling the motion in arrest of judgment, the trial judge assigned as a reason for so doing that 'no question was made on the trial of said case as to the amount of damages.' *We do not think it was allowable for the judge, in passing upon this motion, to invoke his recollection of what occurred at the trial."* [Italics ours.] In several cases, which need not be considered in rendering the present decision, it was held that the judge under certain circumstances may recall the jury to the box in order to correct the form of a verdict. *Jackson* v. *State, 45 Ga.* 198; *Young* v. *State, 36 Ga. App.* 308 (136 S. E. 459). It is conceivable that a jury may have momentarily left the jury-box in the presence of the court, when the court would be justified in having them correct the

form of a verdict; but what transpired and the circumstances under which the direction was given would be the subject of extrinsic evidence, and would properly be a subject for investigation under a motion for new trial. One case to be distinguished is that of *Wells* v. *State,* 116 *Ga.* 87 (42 S. E. 390), where the jury by consent were allowed to disperse after finding a verdict, which was too uncertain and indefinite to support the judgment. The court thereupon allowed the verdict to be amended upon the statement by the foreman of the jury as to the intent of the verdict. This court held that such a verdict was a nullity. A motion was made in arrest of judgment, which this court held should have been sustained. That ruling would not have been made by this court had not the trial court *by written order amended the verdict,* and thereby made the amended verdict under his order a part of the record. A verdict is always a part of the record in a criminal case; and when it appeared from the record of the verdict how it was rendered, the rule regarding motions in arrest of judgment was complied with. While no point was made on the motion in arrest of judgment, under the circumstances of that case a motion in arrest of judgment could properly be sustained. It involved no memory of the judge, and no certification of extrinsic facts, but the essential part of the record itself disclosed the fatal error. In the instant case such are not the facts. The first question propounded by the Court of Appeals is sufficiently answered by the ruling expressed in the first headnote.

■ Where a verdict is rendered by a jury and there is an erasure and substitution of words, and the meaning of the verdict is perfectly clear, there is no reason why it should be rejected, nor does such erasure constitute a basis for investigation by the appellate courts. The second question propounded by the Court of Appeals is answered in the negative.

■ The answer to the preceding questions renders unnecessary an answer to the third question.

*All the Justices concur, except Beck, P. J., absent for providential cause.*