## 44804. O'QUINN v. THE STATE.

JORDAN, Presiding Judge. This is an appeal from a conviction and sentence for assault and battery. *Held:*

1. The motion of the State to dismiss the appeal for the alleged failure to file a transcript within the time allowed by law, without obtaining any orders in the trial court to extend the time, is denied.

In reaching this decision we note that the trial judge, acting pursuant to his authority under § 13(b) of the Appellate Practice Act, as amended in 1968 (Ga. L. 1968, pp. 1072, 1074; *Code Ann.* § 6-809(b)) denied a substantially identical motion, and we also note the provisions of § 13(d), as added in the same Act, also purporting to control the dismissal of an appeal, which, under the decision in *Fahrig v. Garrett,* 224 Ga. 817 (165 SE2d 126), does not change the responsibility of the Supreme Court (and likewise the responsibility of the Court of Appeals) under the Constitution (Art. VI, Sec. II, Par. V; *Code Ann.* § 2-3705) to determine whether an appeal should be dismissed for proper cause.

The case is before this court on an appeal filed in the lower court on February 28, 1969, and within 30 days thereafter, on March 27, 1969, the accused tendered to the trial court a substitute transcript, as authorized for an unreported case, and thereafter the judge covered the entire delay to the date of filing with appropriate orders providing for hearings and extending the time for hearings which clearly disclose an intent on his part to assume responsibility for delay until he could resolve the objections and approve an acceptable substitute for a court reporter's transcript. We regard the tender to the court as implicitly including a request to extend the time as reasonably necessary to obtain an acceptable substitute for a reporter's transcript, and we regard the action of the court, in allowing time for objections, hearings thereon, and postponing the date for hearings, as implicitly including a simultaneous extension of time for the filing of the substitute for a court reporter's transcript. See §§ 6, 10(g), 11, 13(b)

and (d), Appellate Practice Act (Ga. L. 1965, pp. 18, 21, 24, 26, 29; 1968, pp. 1072, 1074; *Code Ann.* §§ 6-804, 6-805(g), 6-806, 6-809(b) and (d)).

2. The failure of the judge to give a requested instruction, presented after the judge had completed his instructions, in language substantially identical to the second sentence in the first division of the syllabus opinion of *Bracewell v. State*, 10 Ga. App. 830 (74 SE 440), discloses no harmful error. While the requested instruction may not have been inappropriate, the evidence falls short of disclosing an actual assault by the victim, but does show that the actual slapping of the female victim by the male accused was preceded by a battle of words, during which time the victim alighted from her automobile and moved towards the accused, perhaps at his invitation, and the judge instructed the jury with respect to opprobrious words as justification in the exact language of *Code* § 26-1409. These instructions were adequate to place the real defense, as shown by the evidence, in proper focus for jury consideration.

3. The court did not err in providing, as a condition for suspension of the sentence to confinement, a payment of $175 for the use of the victim for expenses incurred. While it is agreed that a suspended sentence does not have the effect of placing the defendant on probation, we see no distinction between a condition imposed for a suspension and one imposed for probation, and one of the conditions for probation which may be imposed is "reparation or restitution to any aggrieved person for the damage or loss caused by his offense in an amount to be determined by the court, provided, however, that no reparation or restitution to any aggrieved person for the damage or loss caused by his offense shall be made if the amount is in dispute unless the same has been adjudicated." Ga. L. 1958, pp. 15, 23 (*Code Ann.* § 27-2711). The record before this court fails to disclose what hearing, if any, or what evidence was adduced, if any, after conviction and before sentencing. This court is not aware of any requirement that the evidence adduced on the trial of an offense must also support the determinations of the court in imposing conditions for suspension. The mere fact that the only evidence of a specified dollar amount of expenses is a dental bill of $21, although it is also clear that the victim did incur other expenses, the amount of which does not appear, affords no basis for this court to assume that the amount is in dispute and has

not been adjudicated, or that the amount as determined by the court is in error requiring reversal in respect to the sentence imposed.

*Judgment affirmed. Whitman and Evans, JJ., concur specially.*

ARGUED OCTOBER 7, 1969—DECIDED FEBRUARY 19, 1970.

*John D. Mattox,* for appellant.

*Hubert Howard, Solicitor, Albert E. Butler,* for appellee.

WHITMAN, Judge, concurring specially. 1. I concur in Division 1 of the opinion.

2. Division 2 of the opinion deals with enumeration of error No. 1 and refers to *Bracewell v. State,* 10 Ga. App. 830 (74 SE 440). This case involved an accusation of the offense of affray and not for the offense of assault and battery. These are separate and distinct offenses, the offense of affray being that defined and punishable under *Code* § 26-5303. Moreover, the *Bracewell* case, decided when the Court of Appeals consisted of three judges, was a decision by only two of the judges, the third judge not participating therein for the reason that the case was argued before he came to the bench as the successor of a judge who had resigned therefrom. As indicated in the opinion, the trial court did charge the jury in respect of the use of opprobrious words as requested, which has relation to the offense of assault and battery, with which the defendant was charged in the accusation and for which he was tried.

3. Enumeration of error No. 2 deals with the payment by the defendant of expenses incurred by the victim as a condition to the suspension of sentence therein set forth. The sentence was not one of probation, but of suspension, and the sentence was imposed on July 28, 1969.

*Code Ann.* § 27-2706 originally provided as follows: "In all criminal cases in which the defendant shall be found guilty or in which a plea of guilty shall be entered, and the trial judge after imposing sentence shall further provide that the execution of such sentence shall be suspended, *such provision shall have the effect of placing such defendant on probation as provided in Sections 27-2702 to 27-2705."* (Emphasis supplied).

By the Statewide Probation Act, approved February 8, 1956,

*Code Ann.* § 27-2706, above referred to, was repealed, and by Section 13 of the Act of 1956 it was provided that if a sentence shall by suspended, such provision shall have the effect of placing the defendant on probation. However, by Act approved March 31, 1965 (*Code Ann.* § 27-2714, the law was changed, and by the Act of 1965 it is provided as follows: "In all criminal cases in which the defendant shall be found guilty, or in which a plea of guilty or plea of nolo contendere shall be entered, and the trial judge after imposing sentence shall further provide that the execution of such sentence shall be suspended, such provision shall *not* have the effect of placing such defendant on probation as provided in this law [ §§ 27-2702 through 27-2723]." (Emphasis supplied).

Accordingly, it is my view that the portion of the suspended sentence imposing the condition as to payment of expenses was not appropriate or proper. However, the remedy available to the defendant in respect of the inclusion in the sentence of the condition for the suspension on payment of the expenses incurred by the victim was that of a motion during the term in arrest of the sentence to the extent of the imposition of such condition. It does not appear from the record that any such motion was made in the trial court during the term or otherwise, nor does it appear that any question as to the legality of the imposition of such condition was raised in or passed on by the trial court. Therefore, the imposition of this condition will not be considered or passed on here. In this connection see *Pippin v. State,* 172 Ga. 224 (157 SE 185), which pursuant to a certified question was followed in *Pippin v. State,* 43 Ga. App. 16 (157 SE 913).

I concur in affirming the judgment of the trial court.

EVANS, Judge, concurring specially. I concur in the judgment for the appellee, it being my opinion that the motion of the State to dismiss the appeal for failure to file a transcript within the time allowed by law, without obtaining proper orders from the trial court to extend the time, should have been granted. In effect, I therefore dissent from Division 1 of the majority opinion which holds that the State's motion should have been denied.

*Code Ann.* § 6-804 provides "any application to any court, justice or judge, for an extension must be made before expiration

of the period for filing as originally prescribed or as extended by a permissible previous order . . ." The notice of appeal in this case was filed on February 28, 1969, and the record does not show any court order extending the time for filing a transcript within 30 days from such date of filing. There is an order dated April 1, 1969, granting such extension, but this was beyond the 30-day period allowed by law. It is true that within 30 days from February 28, 1969, there was an abortive attempt to file a transcript, which was completely inaccurate, and it is my opinion that the filing of an inaccurate transcript, absent an order of court to that effect, does not, in and of itself, extend the time for filing an accurate transcript.