### 45918.   MILLER et al. v. PARKS.

EBERHARDT, Judge. Appellants, who were the protestants in the trial of a processioning proceeding where a jury verdict and judgment thereon upheld the return, moved for a judgment n.o.v., or in the alternative for a new trial. When the motion came on for hearing no transcript of the evidence was filed, and

the trial judge entered an order reciting that "it appearing to the court that the protestants have completely failed to make any reasonable effort to order said transcript, or to have same completed, the motion of the protestants [for judgment n.o.v. or for new trial] is hereby dismissed." From that order protestants appeal. *Held:*

1. We affirm. The finding of the trial court, as recited in the order, on the factual issue of whether protestants had made a reasonable effort to secure the transcript, presumptively supported by evidence, is binding on them. "It will be presumed that a judgment rendered in a court of general jurisdiction was supported by every fact essential to make it valid and binding." *Chance v. Chance,* 60 Ga. App. 889, 892 (5 SE2d 399); *Eastland v. Candler,* 226 Ga. 588 (2) (176 SE2d 89). And see *Merchants & Miners Transportation Co. v. Corcoran,* 4 Ga. App. 654 (1) (62 SE 130).

It appears from the grounds of the motion and from enumerations of error themselves that a transcript of the evidence, or a lawful substitute therefor *(Code Ann.* § 6-805 (d)) was essential to a consideration of the grounds. *Code Ann.* § 70-301. Where neither was produced at the time of the hearing on the motion, and the judge found as a fact that the movants had not made a reasonable effort to secure it, the proper direction to give the matter was to dismiss the motion. *Hill v. General Rediscount Corp.,* 116 Ga. App. 459 (1) (157 SE2d 888); *Satterfield v. Fricks,* 98 Ga. App. 130 (105 SE2d 459). The duty on the judge to settle the matter of the evidence from his recollection when a transcript is not available does not arise until the attorneys have made a reasonable effort to supply an agreed transcript or brief and have failed to accomplish it. Where the case was reported the attorneys for movants should promptly arrange with the reporter for preparing a transcript. If, for some good reason, that cannot be accomplished they should then proceed in the alternative to prepare a substitute transcript or brief of the evidence and secure approval of opposing counsel if possible, and tender that. See *O'Quinn v. State,* 121 Ga. App. 231 (173 SE2d 409). If there is to be delay by the reporter not attributable to counsel in preparation of the transcript, it should be covered by appropriate and timely application for court order or

orders granting extension of time. But delay which is attributable to a failure of counsel to make a reasonable effort to obtain the transcript, or a lawful substitute, cannot avail to prevent a dismissal of the motion.

2. Error is enumerated on the denial of appellants' motion for judgment notwithstanding the verdict, and denial of the motion for new trial. For three reasons we do not reach these enumerations. First, the order of dismissal (which is the order appealed from) does not purport to *deny* the motions. Secondly, since the motions were *dismissed*, they could not be overruled or denied, for they no longer pended before the trial court. *Hopkins v. Jackson*, 147 Ga. 821 (2) (95 SE 675); *Cross v. State*, 150 Ga. 786 (1) (105 SE 307). It is to be noted that this would be true even had the court in its order dismissing the motion thereafter proceeded to overrule or deny it. And thirdly, even if the matter were properly before us, there being no transcript of the evidence before this court, which is necessary to a determination of whether there may have been error in the denial of the motions, the questions are not properly presented and we could do nothing but affirm. *Brown v. State*, 223 Ga. 540 (156 SE2d 454); *Adams v. Chapman*, 115 Ga. App. 7 (153 SE2d 730).

*Judgment affirmed. Hall, P. J., and Whitman, J., concur.*
ARGUED JANUARY 13, 1971—DECIDED JUNE 4, 1971.

*Cecil G. Hartness*, for appellants.
*Herman J. Spence, Bobby C. Milam*, for appellee.