## A97A1461. VINCENT v. THE STATE.
(492 SE2d 604)

MCMURRAY, Presiding Judge.

Defendant Vincent appeals his conviction of the offense of driving under the influence of alcohol (to the extent that it was less safe for the accused to drive). *Held:*

1. The first enumeration of error maintains that the trial court erred in admitting certain breath test results because the State had failed to comply with defendant's discovery request for any written scientific reports pursuant to OCGA § 17-16-23. There was conflicting evidence concerning whether the prosecutor had served the intoxilyzer test results upon defense counsel. Nonetheless, there was uncontroverted testimony from the arresting officer that he had provided defendant with a copy of the test results at the time the tests were administered. As defendant had already been provided with a copy of the test results, he was not harmed by any failure by the State to provide the same pursuant to discovery. *Starnes v. State,* 196 Ga. App. 262 (1) (395 SE2d 603); *Johnson v. State,* 194 Ga. App. 501 (3) (391 SE2d 132). See also *Harmon v. State,* 224 Ga. App. 890, 892 (3) (a) (482 SE2d 730).

2. Next, defendant contends that the trial court erred in admitting evidence of an alcosensor test without requiring any foundation to be laid. However, defendant's objection on the ground of lack of foundation without stating what the proper foundation should be is

insufficient and presents nothing for consideration on appeal. *Gordon v. State*, 206 Ga. App. 450, 454 (4) (b) (425 SE2d 906); *Newman v. State*, 239 Ga. 329, 330 (236 SE2d 673).

3. The trial court did not err in allowing the jury, when watching a videotape of the traffic stop and arrest of defendant, to hear the actual numerical test result obtained from an alcosensor test which was given to defendant's passenger, whose blood alcohol concentration was not in issue. *Ayers v. City of Atlanta*, 221 Ga. App. 381, 383 (3) (471 SE2d 240). The jury was allowed to hear that the passenger tested at .13 and that this indicated that she had consumed more alcohol in relation to her body weight than had defendant. However, contrary to defendant's argument, nothing was stated which characterized the passenger's result as a "little worse" than defendant's. Insofar as this evidence related to defendant's level of blood alcohol concentration, it served only to suggest a ceiling to defendant's degree of intoxication and therefore was not harmful to him.

4. In his final enumeration of error, defendant contends that the trial court erred in allowing the introduction of the certification, pursuant to OCGA § 40-6-392 (f), of the intoxilyzer upon which his breath was tested without requiring any testimony to establish the veracity of the document. Under OCGA § 40-6-392 (a) (1) (A), the State was required to establish a foundation that the Intoxilyzer 5000 with which defendant's breath was tested was operated with all its electronic and operating components prescribed by its manufacturer properly attached and in good working order. OCGA § 40-6-392 (f) provides that a certificate in the provided form is self-authenticating, admissible in any court, and satisfies the requirements of OCGA § 40-6-392 (a) (1) (A).

At trial the State tendered into evidence certificates of inspection of the Intoxilyzer 5000 on which defendant's breath had been tested based on two foundations, their self-authenticating character and also under the business records exception to the hearsay rule. Relying on *Miller v. State*, 266 Ga. 850 (472 SE2d 74), defendant maintains that the statutory certificates are inadmissible hearsay the admission of which violates the confrontation clauses of the Federal and State Constitutions. However, the issues raised by defendant in this enumeration of error have been decided adversely to him by the Supreme Court of Georgia in *Brown v. State*, 268 Ga. 76 (485 SE2d 486), holding that a certificate issued pursuant to OCGA § 40-6-392 (f) may be admitted upon proper foundation under the business records exception to the hearsay rule without infringing upon a defendant's rights under the confrontation clauses of the Federal and State Constitutions.

*Judgment affirmed. Beasley and Smith, JJ., concur.*

DECIDED OCTOBER 2, 1997 —

*Jerry L. Webb, Jr.*, for appellant.
*Gerald N. Blaney, Jr., Solicitor, Richard E. Thomas, William F. Bryant, Assistant Solicitors*, for appellee.