## A97A2405. EVANS v. THE STATE.
### (497 SE2d 248)

ANDREWS, Chief Judge.

Michael R. Evans filed a notice of appeal on July 3, 1997, from his convictions and sentences for following too closely[1] and DUI, OCGA § 40-6-391 (a) (1) (less safe to drive), entered on May 28, 1996.

1. We first address the State's motion to dismiss this appeal as "stale."

Evans filed a motion for new trial on May 31, 1996, alleging the general grounds[2] and improper admission of the Intoxilyzer 5000 results. By letter of June 4, 1996, he requested the court reporter to prepare the transcript of the trial, which had been heard by a superior court judge sitting by designation. Although the motion for new trial was pending before the state court judge who had no familiarity with the trial, no other efforts were made to get the transcript until a second letter was sent by Evans' counsel on June 16, 1997, precipitated by notice of the motion for new trial hearing on June 26, 1997.

---

[1] The enumeration of error addresses only the DUI conviction, and therefore, we need not further consider the conviction for following too closely.

[2] Evans thereby contested the legal sufficiency of the evidence. *Towns v. State*, 185 Ga. App. 545 (365 SE2d 137) (1988).

The transcript was not available for the motion for new trial hearing. No motions for extensions of time pursuant to OCGA § 5-5-40 (c) were made by Evans during this period. That section specifically provides that the trial court may grant an extension of time for filing the transcript "[w]here the grounds of the motion require consideration of the transcript of evidence or proceedings. . . ."

The state court judge conducted a hearing on the motion for new trial and denied it because Evans had "failed to make reasonable effort to secure and file the transcript of these proceedings" based on *Myers v. Myers*, 195 Ga. App. 529 (394 SE2d 374) (1990) and *Miller v. Sparks*, 124 Ga. App. 4 (183 SE2d 88) (1971).

Evans' notice of appeal, filed July 3, 1997, does not designate this order, filed July 1, 1997, as the judgment appealed, but instead specifies the May 28, 1996 convictions. Therefore we must consider what effect, if any, the denial of the motion for new trial on this ground has on the timeliness of the appeal from the May 28, 1996 convictions and sentences.

Pursuant to OCGA § 5-6-38 (a), the notice of appeal must be filed within 30 days after entry of the "appealable decision or judgment complained of" except when specified motions, including a motion for new trial, are filed, in which case the appellant has 30 days from the order "granting, overruling, or otherwise finally disposing of the motion."

Filing a transcript of the trial is not mandatory when a motion for new trial is made, as a general rule, because the trial court is authorized to consider the motion without one. OCGA § 5-5-40 (c). In the present case, however, because the judge hearing the motion for new trial did not try the case and sufficiency of the evidence and evidentiary rulings were the only issues, the trial judge could, in his discretion, dismiss the motion for new trial for failure to provide the transcript. *Moore v. Sinclair*, 196 Ga. App. 667, 669 (1) (396 SE2d 557) (1990); *Myers*, supra; *Miller*, supra; see *George v. American Credit Control*, 222 Ga. 512 (150 SE2d 683) (1966).

This does not, however, preclude our consideration of the merits of the appeal, since we have previously held that dismissal or denial of the motion for new trial due to failure to provide the transcript is, for purposes of OCGA § 5-6-38 (a), an order "finally disposing" of the motion, triggering the 30 days for filing of the appeal here. *Gold Kist v. Stokes*, 235 Ga. 643 (1) (221 SE2d 49) (1975); *Love v. State*, 144 Ga. App. 728, 730 (I) (242 SE2d 278) (1978), rev'd on other grounds, *Parker v. State*, 161 Ga. App. 37 (288 SE2d 852) (1982). Therefore, the motion to dismiss the appeal is denied.

2. Evans' sole enumeration of error is that the court erred in admitting the results of the Intoxilyzer 5000 because the State failed to properly prove the foundation required by OCGA § 40-6-392 (a) (1)

(A) and (f). The objection voiced at trial was premised only on subsection (a) (1) (A) and that is all we consider.

That subsection requires that the breath test be conducted "on a machine which was operated with all its electronic and operating components prescribed by its manufacturer properly attached and in good working order and by an individual possessing a valid permit issued by the Division of Forensic Sciences for this purpose."

During the State's direct examination of Officer Kirksey, the officer testified that he conducted the test and that he was certified to operate the machine. His certificate was produced, although not introduced into evidence. The only additional testimony regarding the machine given by Officer Kirksey on direct examination was that the machine was "approved for use in the State of Georgia."

During the officer's cross-examination, however, the following testimony was elicited: "All I can tell you . . . is that the machine was, had been signed off by Marlin James, who is our implied consent officer . . . , and that he had checked the machine and it was operating properly. That's all I can testify regarding the machine, that it had been checked. Q. Did it have all of its operating parts attached? A. It had all of the parts attached that I have been trained to use. . . . Q. [D]id this Intoxilyzer [5000] have all electronic and operating components described by the manufacturer properly attached to it at the time you used it? A. I know and you know there is no way I can answer that. You will have to speak with the officer who certified the machine. *All I am required to do is check and make sure the machine is operating properly, and that it has been maintained and certified by that officer, and it had been.* Q. What proof is there that it had been? A. His signature on the card. Q. Where is the card? A. It is attached, affixed, to the top of the machine. . . . *The card is affixed to the top of the machine.*" (Emphasis supplied.)

Pretermitting the issue of whether Evans' objection on the lack of foundation was adequate, *Vincent v. State*, 228 Ga. App. 691 (2) (492 SE2d 604) (1997) (failure to state what the proper foundation should be is insufficient), we conclude that although marginal, the foundation proven was adequate for admission of the test results, State's Exhibit 1.

While introducing the certificate of inspection of the Intoxilyzer is one method of proving the foundation required, see, e.g., *Tam v. State*, 225 Ga. App. 101, 103 (3) (483 SE2d 142) (1997), it is not the only method. "The 'other admissible evidence' that may satisfy the requisites of OCGA § 40-6-392 (a) (1) (A) is the live testimony of an appropriate witness concerning such requirements; the admission of the Certification, itself, is simply an aid to the admission of the chemical test results. [Cits.]" *Gaston v. State*, 227 Ga. App. 666, 668 (1) (490 SE2d 198) (1997).

Here, while Officer Kirksey did not, himself, conduct the required testing of the machine, he did testify that the machine was in proper working order, as evidenced by the "self-tests" reflected on the test results, and that Officer James had signed the required certificate indicating compliance with the statute. In *Caldwell v. State*, 230 Ga. App. 46 (495 SE2d 308) (1997), we concluded that testimony by an officer familiar with the machine testing procedures, but who did not conduct the actual tests on the machine at issue, could testify based on documents produced by that machine that, in her opinion, the testing officer had properly issued the certificate. Id. at 47.

Therefore, there was no error in the admission of the certificate here.

*Judgment affirmed. Pope, P. J., concurs. Blackburn, J., concurs in the judgment only.*

DECIDED FEBRUARY 2, 1998 —
RECONSIDERATION DENIED FEBRUARY 24, 1998.

*Richard A. Epps*, for appellant.
*Ben Kirbo, Solicitor*, for appellee.