### A98A1438. PAK v. THE STATE.
(507 SE2d 166)

Judge Harold R. Banke.

After a bench trial, Mark Norman Pak was convicted of two counts of driving under the influence[1] and speeding. He enumerates two errors on appeal.

This case arose early one morning when the arresting officer

---

[1] The less safe to drive count merged with the count accusing Pak of driving with an alcohol concentration of 0.10 or more.

clocked Pak's Explorer at 91 mph in a 55 mph zone. After pulling Pak over, the officer noticed a strong odor of alcoholic beverages emanating from the vehicle. He also observed Pak's bloodshot eyes and unsteadiness on his feet. After Pak failed several field sobriety tests, the officer arrested him for driving under the influence.

At trial, the arresting officer testified that Pak tested positive on the alco-sensor, a device which was approved by the Director of the Division of Forensic Sciences. The trial court overruled Pak's objection that absent evidence showing that the device was in fact approved, the foundation was insufficient. Pak also objected to the admission of the results from an Intoxilyzer 5000 test for lack of foundation. *Held*:

1. Admission of the arresting officer's comment that the alco-sensor test results were positive was not reversible error. The admissibility of an alco-sensor test is contingent on the State proving that the device's design was approved by the Director of the Division of Forensic Sciences of the Georgia Bureau of Investigation. *Aman v. State*, 223 Ga. App. 309, 310 (1) (477 SE2d 431) (1996); *Channell v. State*, 172 Ga. App. 156, 157 (322 SE2d 356) (1984). Here, the arresting officer testified without contradiction that the device he used was approved by the Director of the Division of Forensic Sciences. The fact that he could not name the model or model number went to credibility, not admissibility. See *Wesley v. State*, 228 Ga. App. 342, 343 (1) (491 SE2d 824) (1997).

2. Pak maintains that the trial court erred in admitting the results of the Intoxilyzer 5000 test. Before the breath test results could be admitted, the State was required to show that the machine was properly maintained and in good working order. OCGA § 40-6-392 (a) (1) (A); *Hamilton v. State*, 228 Ga. App. 285, 286 (4) (491 SE2d 485) (1997). This foundational burden may be satisfied by introducing certificates of inspection of the Intoxilyzer, but that is not the only method. Id.; *Caldwell v. State*, 230 Ga. App. 46 (495 SE2d 308) (1997). Live testimony of an appropriate witness concerning the requisites of OCGA § 40-6-392 (a) (1) (A) may also provide the necessary foundation. *Evans v. State*, 230 Ga. App. 728, 730 (497 SE2d 248) (1998) (physical precedent only).

Here, the State introduced no such certificates. Instead, it offered proof that the arresting officer was certified to operate the machine and had ensured the machine was working properly before testing Pak's breath, waiting for it to warm up and advise him of the diagnostics and its readiness. He also testified that the machine was periodically checked for calibration.

On cross-examination, the officer referred to a log book of the machine's calibration which certified that the machine had been calibrated a few weeks prior to Pak's arrest and shortly thereafter. The

officer testified that the log, which was kept by the machine, showed that the individual who calibrated it had certified its calibration, checked its working components, and had initialed the log to signify such.[2]

This evidence is substantially the same as that offered into evidence to show foundation in *Evans*, 230 Ga. App. at 730. In *Evans*, we concluded that, "although marginal, the foundation proven was adequate for admission of the test results." Id. That conclusion applies equally in the instant case. See *Caldwell*, 230 Ga. App. at 46.

*Judgment affirmed. Johnson, P. J., and Smith, J., concur.*

DECIDED SEPTEMBER 15, 1998 —
RECONSIDERATION DENIED SEPTEMBER 28, 1998.

*Spruell, Taylor & Associates, Billy L. Spruell, Melinda D. Taylor*, for appellant.

*Carmen Smith, Solicitor, Karlise Y. Grier, Jody L. Peskin, Assistant Solicitors*, for appellee.

---

[2] Absent the evidence of the log book Pak elicited on cross-examination, we question whether the foundation would have been adequate. See *Oglethorpe Power Corp. v. Seasholtz*, 157 Ga. App. 723, 724-725 (1) (278 SE2d 429) (1981).