## A00A2528. SILLMAN v. THE STATE.
(545 SE2d 85)

BARNES, Judge.

James Sillman appeals his conviction of driving under the influence, asserting that the trial court erred in admitting certain evidence despite the State's alleged failure to produce that evidence pursuant to a discovery request. Because Sillman waived the issue regarding his statement, and because he received a copy of the results when the breath test was administered, we affirm.

Sillman initially demanded a jury trial and requested from the State copies of any custodial statements and scientific reports. When the case was called for trial on May 9, 2000, Sillman asserted that he had not received the State's response to his discovery request until the preceding day. He asked the court to exclude evidence that, when asked if he had been drinking, he responded, "yes, I had a little bit." The State suggested that, because the police report was not clear as to whether the statement was custodial or not, the police officer could testify and "perhaps settle that issue right now and that could moot that point and you could decide whether or not we'll proceed or whether defendant would elect another remedy." The court decided to hold a pretrial hearing to determine whether the statement was made while Sillman was in custody and thus whether the statement should be excluded because the State had not produced it at least ten days before trial.

Before hearing testimony from the police officer, the parties conducted voir dire and the court impaneled a jury. Sillman then objected for the first time to the admission of breath test results that allegedly had not been produced at least ten days before trial. The trial court responded that Sillman asserted earlier that the only pretrial matter at issue was the admissibility of his custodial statement, and that if Sillman had notified the court at that time that discovery had not been completed, the court would not have sworn in a jury.

At that point, with the jury waiting in another room, the arresting officer testified that, while waiting in traffic, she saw the defendant drive up on the sidewalk to pass several vehicles. She pulled the car over and stepped back from a blast of alcohol that wafted out when Sillman rolled down his window. The officer read the implied consent warnings to Sillman, then asked him to step out of the car, and after he staggered, asked him how much he had to drink. He responded, "I had a little bit but not much." At that point, the officer

read Sillman the implied consent warnings, then arrested him, impounded his car, and took him to the hospital for a breath test.

A second officer testified, also outside the jury's presence, that he administered two breath tests to Sillman. The first test showed a blood alcohol content of 0.193, the second test of 0.196. The officer testified that he gave Sillman a copy of the test results and told him, "[Y]ou need to keep this if you choose to seek legal counsel. Keep this in your possession."

At the end of the motions hearing, the State argued first that it laid a proper foundation for admission of the breath test results. Sillman responded that the State failed to establish a proper foundation and further argued that the results of the test should be excluded from evidence because he had not received the test printout until just before the hearing. The State responded that it did not have a copy of the printout earlier; that it had provided copies of the citation and police report, both of which noted that Sillman's blood alcohol was 0.193; and that Sillman had received a copy of the printout when the test was administered.

The trial court ruled as follows:

> I think as far as the test results not provided to you, you're objecting to that and we've talked about that quite a bit since lunch, but if that had been brought up to my attention this morning, [defense counsel], I would have done my best to be sure that we had delayed this, but that was not brought to my attention and [the State] said she gave you that that was just given to her after lunch as well, so I'm not going to — you're welcome to object to that and you have and you've put that on the record, but I'm not going to delay the trial because of that now that we've sworn in and impaneled a jury.

The trial court ruled the breath test results admissible otherwise and asked, "Is there anything else that I need to address?" Sillman responded, "No." Sillman then withdrew his jury demand and submitted the case to the bench based on the motions testimony. After the State introduced more testimony from the arresting officer, the trial court found Sillman guilty of driving under the influence.

1. Sillman asserts that, because he did not receive a copy of the breath test results at least ten days before trial, the trial court erred in admitting it into evidence. However, the administering officer testified that he gave Sillman a copy of the test printout and advised him to keep it in case he decided to hire a lawyer. "As defendant had already been provided with a copy of the test results, he was not harmed by any failure by the State to provide the same pursuant to

discovery." *Vincent v. State*, 228 Ga. App. 691 (1) (492 SE2d 604) (1997). We conclude that the trial court did not abuse its discretion in admitting the breath test results into evidence.

2. Sillman also appeals the admission of his statement to the arresting officer that he had had "a little bit" to drink, claiming that the statement should have been excluded because the State failed to give him a copy at least ten days before trial. Before the jury was selected and sworn, Sillman asked the trial court to reset the case, so that he would have ten days to investigate regarding the statement. The State objected to having the case reset and asked the court to hold a brief hearing with the arresting officer to determine if the statement was custodial or not. The court asked Sillman if he had any other issues to raise, and Sillman responded that he had only a motion to suppress the breath test results, "regarding the procedures used to obtain those results," which needed to be heard before the trial. The court recessed briefly to hear another case, then announced that a jury panel was coming in. Sillman reminded the court that he had a motion to suppress to be heard before the panel came in, to which the State responded that the motion did not involve a constitutional issue that needed to be heard before trial. Sillman asked that the jury be excused when the officer initially testified regarding the breath test results, and the court agreed.

The jury was impaneled, after which Sillman asked to have the issue of whether the arresting officer "gave the correct implied consent warning" heard outside the presence of the jury. The trial court heard testimony outside the jury's presence from the arresting officer regarding the implied consent warnings she gave Sillman and the circumstances surrounding his arrest and from the testing officer regarding procedural issues involving the breath test. The State argued to the court regarding the admissibility of the breath test results, which the court ruled on as noted in Division 1. At that point, the trial court asked, "Is there anything else I need to address?" Sillman responded "No," and withdrew his jury demand, noting for the record that he wished to preserve his right "to raise the objections on appeal that we have made earlier." After hearing additional testimony from the arresting officer, the trial court found Sillman guilty of driving under the influence.

After the court ruled on Sillman's motion to suppress the breath test results and asked if Sillman had any further issues before starting trial, Sillman responded no, failing to obtain a ruling on his earlier claim that his statement should have been excluded because the State failed to give him a copy at least ten days before trial. Because Sillman failed to obtain a ruling, this enumeration presents nothing for review. *Harper v. State*, 241 Ga. App. 865, 867 (2) (528 SE2d 317) (2000).

*Judgment affirmed. Blackburn, C. J., and Eldridge, J., concur.*

DECIDED JANUARY 24, 2001.

*Gregory M. Brown,* for appellant.

*Joseph J. Drolet, Solicitor, Julie A. Kert, Assistant Solicitor,* for appellee.