A02A0416. LEE v. THE STATE.
(565 SE2d 902)

JOHNSON, Presiding Judge.

Shannon Lee was tried and convicted of theft by taking money from a Wal-Mart store where she had been employed as a cashier. She appeals from the conviction, arguing that the trial court erred in allowing testimony from three witnesses who were added to the state's witness list the day before trial. Contrary to Lee's argument, the court did not err in allowing the testimony.

After the jury was selected, but before it was sworn in, the state served Lee with a list of three new witnesses. Lee did not request a continuance, but moved to exclude the witnesses' testimony on the ground that she did not get to ask the jury panel about these three witnesses during voir dire. The state responded that it had expected a guilty plea in the case based on Lee's prior representations and that once Lee opted for a trial, it provided the names of the witnesses

to Lee as soon as they were discovered. The state suggested that Lee be allowed to interview the witnesses before the trial started. But Lee rejected this suggestion, reiterating that she was concerned only about how her voir dire of the jury panel may have been affected. She then told the court she wanted to voir dire the jury about the new witnesses.

The court granted the request, and Lee then asked the members of the jury about the three witnesses. None of the jury members knew two of the witnesses, while one juror had previously worked with the third witness. Lee moved to disqualify that juror. The court granted the motion by excusing the juror and seating the alternate juror in her place. Lee raised no objection to this procedure.

The judge also stated that he would wait to rule on the issue of whether the three new witnesses could testify, so that Lee would have a chance to show prejudice. He instructed Lee to renew her motion to exclude the testimony of the new witnesses as each of them was called. All three witnesses were called during the state's case-in-chief. But Lee never moved again to exclude their testimony.

By failing to renew her motion to exclude the three new witnesses' testimony, Lee never secured a ruling from the court on that issue. And because she failed to obtain a ruling, her sole enumeration that the court erred in failing to exclude the testimony presents nothing for us to review.[1]

Even if the issue were properly before us, it is without merit. Although the state's addition of new witnesses the day before trial failed to comply with the discovery requirements set forth in OCGA § 17-16-1 et seq., the court did not err in the way that it handled the state's discovery failure. OCGA § 17-16-6 provides various actions that the court may take upon a discovery violation by the state, such as permitting the defendant to interview witnesses, granting the defendant a continuance, prohibiting the state from presenting undisclosed witnesses, or entering such other order as it deems just under the circumstances.

Here, Lee did not seek a continuance or to interview the witnesses. Rather, her sole concern was how her voir dire of the jury panel was affected by the undisclosed witnesses. The court remedied that concern by granting Lee's request to voir dire the jurors again and by ordering the removal of the lone juror who knew one of the witnesses. The trial court deemed such an order just under the circumstances, and we agree. Because Lee failed to show any prejudice

---

[1] See *Sillman v. State*, 247 Ga. App. 681, 683 (2) (545 SE2d 85) (2001).

to her defense and bad faith by the state, the trial court did not err in failing to exclude the testimony.[2]

*Judgment affirmed. Blackburn, C. J., and Miller, J., concur.*

DECIDED MAY 30, 2002.

*Martin H. Eaves*, for appellant.

*Richard E. Currie, District Attorney, Allen R. Knox, Assistant District Attorney*, for appellee.

---

[2] See *Bell v. State*, 224 Ga. App. 191, 192 (480 SE2d 241) (1997).